# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

---

No. 10-6018

---

In re:                                       *
                                             *
Eddie Nelson Thompson;                       *
Janice Juanita Thompson,                     *
                                             *
        Debtors.                             *
                                             *
Richard V. Fink,                             *        Appeal from the
                                             *        United States
        Trustee - Appellant,                 *        Bankruptcy Court for the
                                             *        Western District of Missouri
        v.                                   *
                                             *
Eddie Nelson Thompson;                       *
Janice Juanita Thompson,                     *
                                             *
        Debtors - Appellees.                 *

---

Submitted: August 24, 2010
Filed: September 16, 2010

---

Before KRESSEL, Chief Judge, SCHERMER and MAHONEY, Bankruptcy
Judges

SCHERMER, Bankruptcy Judge

        Richard V. Fink, Chapter 13 trustee (the "Trustee") for the bankruptcy estate
of Eddie Nelson Thompson and Janice Juanita Thompson (the "Debtors"), appeals

from an order confirming the Debtors' Chapter 13 plan.[1]  The Trustee claims that the Debtors' plan should not have been confirmed because it did not meet the good faith standard under section 1325(a)(3) of Title 11 of the United States Code (the "Bankruptcy Code") since it did not provide for payment of the Debtors' entire Social Security income to their unsecured creditors.  We have jurisdiction over this appeal from the final order of the bankruptcy court.  *See* 28 U.S.C. § 158(b).  For the reasons set forth below, we affirm.

## ISSUE

The issue on appeal is whether the Debtors' plan failed to meet the good faith standard under section 1325(a)(3) and consequently, the bankruptcy court erred in confirming the Debtors' Chapter 13 plan, based solely only on the fact that the Debtors did not devote all of their Social Security income to their creditors. We conclude that the bankruptcy court properly confirmed the Debtors' plan.

## BACKGROUND

The facts are not disputed.  On October 22, 2009, the Debtors filed their petition for relief under Chapter 13 of the Bankruptcy Code.  The Debtors' Form 22C (Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income), which excludes Social Security income, shows that their annualized current monthly income is $67,438.92, an amount that is above the median family income in the State of Missouri.  In addition, the Form 22C shows that the Debtors' monthly disposable income is negative $1,245.83.

The Debtors' Schedule I shows a net monthly income of $7,471.42. Included on the Debtors' Schedule I is a combined total of $2,565 per month of

---

[1]  The Honorable Jerry W. Venters, United States Bankruptcy Judge for the Western District of Missouri.

2

Social Security income ($1,754 per month for Mr. Thompson and $811 per month for Mrs. Thompson). The Debtors' Schedule J shows monthly out of pocket expenses totaling $4,910.80. According to the Debtors' Schedules I and J, each month they have a $2,560.62 of income that is not needed to pay their expenses. However, if their Social Security income was excluded from this calculation, their monthly expenses would exceed their net monthly income.

In their Chapter 13 plan, the Debtors proposed that they would make a monthly payment totaling $1,155. The Debtors' monthly payments were to pay administrative costs and secured creditors, with the remaining money, if any, to go to unsecured creditors on a pro rata basis. In his brief, the Trustee estimated that the Debtors' plan would pay approximately 10.97% to unsecured non-priority creditors. The Debtors have not disputed the Trustee's statements that: their Statement of Financial Affairs and Mr. Thompson's statements at the meeting of creditors suggest that his employment was likely to continue; the Debtors were 70 and 71 years old at the time of their meeting of creditors; neither Debtor had significant health issues; and the receipt of military pension payments was likely to continue.

On March 4, 2010, the Trustee filed a motion seeking denial of confirmation of the Debtors' first amended Chapter 13 plan that was filed on March 2, 2010. His objection was premised on the Debtors' failure to meet the good faith requirement of section 1325(a)(3). The bankruptcy court denied the Trustee's motion to deny confirmation "for the reasons previously stated by the Court in *In re Green*, Case No. 09-44481."[2] In *Green*, the bankruptcy court concluded that the debtors' failure to devote all of their Social Security income to their plan, without

---

[2] The Trustee had also objected to a previous plan filed by the Debtors based, in part, on the contention that the plan did not meet the good faith standard under section 1325(a)(3) because the Debtors did not devote all of their Social Security income to it. The bankruptcy court explained that the ruling in *Green* applied to the Trustee's objection. The Debtors then amended their plan to address another basis for the Trustee's objection.

other evidence of bad faith, did not establish lack of good faith under section 1325(a)(3). *In re Green,* No. 09-44481-13 (Bankr. W.D. Mo. filed February 1, 2010).

## STANDARD OF REVIEW

We review the bankruptcy court's findings of fact for clear error and its conclusions of law de novo. *Handeen v. LeMaire (In re LeMaire)*, 898 F.2d 1346, 1349 (8th Cir. 1990)(en banc). A chapter 13 plan issue that involves interpretation of a statute is reviewed *de novo*. *Forbes v. Forbes (In re Forbes)*, 215 B.R. 183, 188 (B.A.P. 8th Cir. 1997). "The determination of good faith in proposing a Chapter 13 plan is a factual finding reviewed under the clearly erroneous standard." *Nielsen v. DLC Investment, Inc. (In re Nielsen)*, 211 B.R. 19, 21 (B.A.P. 8th Cir. 1997)(*citing LeMaire*, 898 F.2d at 1350)).

## DISCUSSION

To be confirmed, a Chapter 13 plan must be "proposed in good faith and not by any means forbidden by law." 11 U.S.C. § 1325(a)(3). This Court believes that the plain language of the Bankruptcy Code precludes the Trustee from objecting to the Debtors' plan based on an alleged lack of good faith.

The plain language of the Bankruptcy Code specifically excludes Social Security income from a debtor's required payments in a Chapter 13 plan. Section 101(10A) defines "current monthly income." 11 U.S.C. § 101(10A). In subsection (B), it explains that current monthly income "excludes benefits received under the Social Security Act." 11 U.S.C. § 101(10A)(B). Section 1325(b)(2)'s definition of "disposable income" specifically incorporates the debtor's current monthly income. 11 U.S.C. § 1325(b)(2). In turn, section 1325(b)(1)(B) requires, as a condition of confirmation, that the debtor's plan "provides that all of the debtor's "projected disposable income" during the specified time period be applied to make payments under the plan. 11 U.S.C. § 1325(b)(1)(B). Absent changes in the

debtor's income or expenses that are known or virtually certain at the time of confirmation, the debtor's projected disposable income will be limited to his disposable income. *See Hamilton v. Lanning*, 130 S.Ct. 2464, 2478 (2010). No changes in the Debtors' income or expenses were suggested here.[3] Moreover, the Trustee's March 4, 2010 objection to confirmation of the Debtors' plan was based on the Debtors' alleged failure to meet section 1325(a)(3)'s good faith standard; not on an alleged failure to meet the requirements of section 1325(b).

Considering the Debtors' exclusion of their Social Security income from their plan payments as part of the good faith analysis would improperly render section 1325(b)'s ability to pay test meaningless. *See In re Barfknecht*, 378 B.R. 154, 164 (Bankr. W.D. Tex. 2007). In addition, the ability to pay test already addresses whether the Social Security income needs to be included in a debtor's plan payments. Considering the same issue under the good faith test would be duplicative. It simply was not bad faith for the Debtors to follow the requirements of the Bankruptcy Code and, in so doing, obtain a benefit provided therein. *See id.* at 165.

Moreover, even if the Debtors' retention of Social Security income could contribute to a finding of bad faith, standing alone it could not prevent the Debtors from establishing good faith under section 1325(a)(3).

The term "good faith" is not defined in the Bankruptcy Code or its legislative history. *LeMaire*, 898 F.2d at1348. Prior to the enactment of a new section 1325(b) as part of the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub. L. No. 98-353 (1984), the Eighth Circuit provided a non-exclusive list of several factors to consider when determining whether the totality of the circumstances showed that good faith existed. *U.S. v. Estus (In re Estus)*, 695 F.2d 311, 316 (8th Cir. 1982). In *Educ. Assistance Corp. v. Zellner*, 827 F.2d 1222 (8th Cir. 1987), the Eighth Circuit considered the effect of the new section 1325(b)'s ability to pay test on the factors set forth in *Estus*. According to the Eighth Circuit,

---

[3] This Court does not need to decide whether Social Security income could ever be included in a debtor's projected disposable income.

the criteria required by new section 1325(b) "subsumes most of the *Estus* factors." It explained that the court's "inquiry into whether the plan 'constitutes an abuse of the provisions, purpose or spirit of Chapter 13' has a more narrow focus. The bankruptcy court must look at factors such as whether the debtor has stated his debts and expenses accurately; whether he has made any fraudulent misrepresentation to mislead the bankruptcy court; or whether he has unfairly manipulated the Bankruptcy Code." *Zellner,* 827 F.2d at 1226-27 (*quoting Estus*, 695 F.2d at 316). In *LeMaire*, the Eighth Circuit explained that "*Zellner* preserved the traditional 'totality of circumstances' approach with respect to *Estus* factors not addressed by the [1984] legislative amendments." *LeMaire*, 898 F.2d at 1349.

The Trustee does not contend that the Debtors made any misrepresentations or that they failed to accurately state their debts or expenses. Instead, he claims that the Debtors' Chapter 13 plan did not meet the good faith standard because the Debtors unfairly manipulated the Bankruptcy Code by failing to contribute all of their Social Security income to their plan. According to the Trustee, the Debtors' violation of the good faith standard is evidenced by more than one factor. In reality, the Trustee's arguments all stem from one operative fact; the Debtors' failure to contribute all of their Social Security income to their plan. The record on appeal does not suggest any other facts to show bad faith. Good faith must be assessed based on the totality of the circumstances. Standing alone, the Debtors' retention of Social Security income "is insufficient to warrant a finding of bad faith under § 1325(a)(3)." *In re Green*, No. 09-44481-13, slip op. at 6 (Bankr. W.D. Mo. filed February 1, 2010). A determination of bad faith by this Court based solely on the Debtors' failure to contribute all of their Social Security income in their plan would amount to a *per se* rule that failure to devote Social Security income to plan payments always constitutes bad faith. Like the bankruptcy court, we decline to adopt such a rule.

In addition, section 1306 of the Bankruptcy Code defines property of the Debtors' bankruptcy estate to include all property specified in section 541 existing on the petition date and that the debtor acquires post-petition, as well as the debtor's post-petition earnings. 11 U.S.C. § 1306(a). Recently, the Eighth Circuit ruled that past and future Social Security proceeds are excluded from the

6

bankruptcy estate. *Carpenter v. Ries (In re Carpenter)*, – F3d. —, No. 09-2897, 2010 WL 2977388, at \*6 (8th Cir. 2010). It would be inconsistent to say that the Debtors acted in bad faith simply by failing to devote to their plan money that was never property of their estate in the first instance.

## CONCLUSION

For the foregoing reasons, we affirm the decision of the bankruptcy court.

---

7