**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 24, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

In re: FRED FAUSETT CRANMER,

Debtor.

_____

KEVIN R. ANDERSON, Chapter 13 Trustee,

Trustee-Appellant,

v.

FRED FAUSETT CRANMER,

Appellee,

_____

NATIONAL ASSOCIATION OF
CONSUMER BANKRUPTCY ATTORNEYS,

Amicus Curiae.

No. 12-4002

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**
**(D.C. NO. 2:11-CV-00230-TS)**

---

Kevin R. Anderson, Esq., Standing Chapter 13 Trustee, Salt Lake City, Utah, for
Appellant.

Paul Toscano, Esq., Law Office of Paul Toscano, P.C., Salt Lake City, Utah, for
Appellee.

Tara Twomey, Esq., National Consumer Bankruptcy Rights Center, San Jose,
California, on the brief for Amicus Curiae.

Before **MURPHY**, **HOLLOWAY**, and **O'BRIEN**, Circuit Judges.

**MURPHY**, Circuit Judge.

## I.     Introduction

Fred Fausett Cranmer filed a Chapter 13 repayment plan, which excluded Social Security income ("SSI") from the projected disposable income calculation. The bankruptcy trustee objected on that basis. The bankruptcy court denied confirmation of the plan, concluding, *inter alia*, SSI must be included in the projected disposable income calculation and Cranmer's failure to do so meant he did not propose his plan in good faith. Cranmer appealed and the district court reversed. This court concludes SSI need not be included in the calculation of projected disposable income and Cranmer's failure to include it is not grounds for finding he did not propose his plan in good faith. Exercising jurisdiction pursuant to 28 U.S.C. § 158(d)(1), we therefore **affirm** the district court's order.

## II.     Background

The facts are undisputed. On March 12, 2010, Cranmer filed a petition for relief under Chapter 13 of the Bankruptcy Code. In connection with the petition, Cranmer filed a Form 22C (Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income). As allowed by 11 U.S.C. § 101(10A)(B), Cranmer did not include his SSI on Form 22C. Cranmer also

filed Bankruptcy Schedules I & J. On Schedule I, which represents his monthly income, Cranmer included $1940 of SSI. On Schedule J, which represents his monthly expenses, Cranmer deducted a portion of that SSI as "exempt social security funds." The Chapter 13 repayment plan Cranmer ultimately proposed, therefore, allowed him to retain a portion of his SSI rather than commit it to the repayment of creditors.

Kevin R. Anderson, the bankruptcy trustee (the "Trustee"), objected to confirmation of the plan. While the Trustee acknowledged SSI is excluded from the calculation of current monthly income, which is reflected on Form 22C, he argued SSI is not excluded from the calculation of projected disposable income, which is based on Schedules I and J.

The bankruptcy court held a confirmation hearing and subsequently issued a memorandum decision and order denying confirmation of Cranmer's proposed Chapter 13 plan. The bankruptcy court concluded SSI must be included in the projected disposable income calculation and that Cranmer's failure to do so showed he did not propose his plan in good faith.

Under protest, Cranmer filed an amended plan, which included all of his SSI in his projected disposable income calculation. The bankruptcy court confirmed this plan on September 21, 2010, noting that Cranmer retained his right to appeal the bankruptcy court's conclusions regarding SSI. Cranmer failed to make payments in accordance with the amended plan and, on that basis, the

bankruptcy court dismissed the case for noncompliance with the confirmation order.[1]

Cranmer appealed the dismissal, arguing the bankruptcy court erred in denying confirmation of his original Chapter 13 plan because SSI is specifically exempted from bankruptcy repayment plans, *i.e.*, from the projected disposable income calculation. The district court issued a memorandum decision and order on December 7, 2011, reversing the bankruptcy court's decision. It concluded SSI need not be included in the projected disposable income calculation and failure to include it did not show Cranmer proposed his plan in bad faith. The Trustee appeals.

## III. Analysis

### A. Standard of Review

The question whether SSI must be included in the projected disposable income calculation is a question of law reviewed de novo. *See Hamilton v. Lanning (In re Lanning)*, 545 F.3d 1269, 1274 (10th Cir. 2008), *aff'd*, 130 S. Ct. 2464 (2010). Whether a court may consider SSI in the good faith analysis is also a question of law reviewed de novo. *Drummond v. Welsh (In re Welsh)*, 465 B.R. 843, 847 (B.A.P. 9th Cir. 2012); *In re Love*, 957 F.2d 1350, 1354 (7th Cir. 1992).

---

[1]Cranmer's payments, however, were consistent with the repayment plan Cranmer originally proposed, which excluded a portion of his SSI from the projected disposable income calculation.

## B. Projected Disposable Income

Chapter 13 debtors like Cranmer "must agree to a court-approved plan under which they pay creditors out of their future income." *Hamilton v. Lanning*, 130 S. Ct. 2464, 2469 (2010); *see also* 11 U.S.C. §§ 1306(b), 1321, 1322(a)(1), 1328(a). A bankruptcy trustee oversees the filing and execution of the debtor's plan. *Lanning*, 130 S. Ct. at 2469; *see also* 11 U.S.C. § 1322(a)(1); 28 U.S.C. § 586(a)(3). If the trustee or an unsecured creditor objects to confirmation of the debtor's plan, the debtor must either pay unsecured creditors in full or pay all "projected disposable income" to be received by the debtor over the duration of the plan. 11 U.S.C. § 1325(b)(1).

The Bankruptcy Code does not define "projected disposable income." It defines "disposable income" as "current monthly income received by the debtor" less certain amounts, including amounts reasonably necessary "for the maintenance or support of the debtor or a dependent of the debtor." 11 U.S.C. § 1325(b)(2). "Current monthly income" is defined as "the average monthly income from all sources that the debtor receives (or in a joint case, the debtor and the debtor's spouse receive) without regard to whether such income is taxable income." 11 U.S.C. § 101(10A)(A). Benefits received under the Social Security Act, however, are specifically excluded from the definition of current monthly income. 11 U.S.C. § 101(10A)(B). The Trustee does not dispute SSI is expressly excluded from the calculation of disposable income. Instead, he insists that, even

though SSI is excluded from the calculation of disposable income, it is not excluded from the calculation of projected disposable income.

The starting point in calculating a debtor's projected disposable income is the debtor's disposable income. *Lanning*, 130 S. Ct. at 2475. In most cases, projected disposable income is the average of the debtor's disposable income during the six months preceding the bankruptcy filing multiplied by the number of months in the debtor's plan. *Id.* at 2471, 2475. As the Supreme Court noted in *Lanning*, however, this method of calculating projected disposable income produces "senseless results" in cases where a debtor's disposable income during the six months preceding the filing of bankruptcy is "either substantially lower or higher than the debtor's disposable income during the plan period." *Id.* at 2475-76. In *Lanning*, for example, the debtor's disposable income in the months preceding her bankruptcy filing was greatly inflated by a one-time buyout from her employer. *Id.* at 2470, 2478. *Lanning* held that in these "unusual cases," a court "may account for changes in the debtor's income or expenses that are known or virtually certain at the time of confirmation." *Id.* at 2475, 2478.

The Trustee argues this is one of those unusual cases because it is known or virtually certain Cranmer will receive more than $87,000 in SSI over the duration of his plan and an above-median debtor[2] like Cranmer should not be allowed to

---

[2]An above-median debtor is an individual whose income is above the median for his state. *See* 11 U.S.C. § 1325(b)(3). Whether a debtor's income

(continued...)

-6-

shield such surplus income from the repayment of creditors. As the district court noted, however, Cranmer's receipt of SSI is not a change in his income. It is income he was receiving on the date of his bankruptcy filing. More importantly, it is income the Bankruptcy Code expressly allows him to exclude from the disposable income calculation. 11 U.S.C. §§ 101(10A), 1325(b)(2). Although the term "projected disposable income" is not defined, it incorporates the term "disposable income," which is defined and which expressly excludes SSI. The mere placement of the adjective "projected" in front of the words "disposable income" does not imbue the term "disposable income" with different substantive components. *See In re Barfknecht*, 378 B.R. 154, 161 (Bankr. W.D. Tex. 2007) (rejecting the argument that "the addition of the adjective 'projected' unhinges the remaining two words from their Code-mandated definitions"). Thus, the plain language of the Bankruptcy Code demonstrates SSI is excluded from the projected disposable income calculation.

Moreover, nothing in *Lanning* suggests a court may disregard the Code's definition of disposable income in calculating projected disposable income. *Baud v. Carroll*, 634 F.3d 327, 345-46 (6th Cir. 2011) (holding *Lanning* does not support the view that bankruptcy courts may ignore the definition of disposable

_____

[2](...continued)
falls above or below the median determines which expenses he can claim as "amounts reasonably necessary to be expended . . . for the maintenance or support of the debtor or a dependent" under § 1325(b)'s disposable income calculation. *See* 11 U.S.C. §§ 707(b)(2), 1325(b)(2)(A)(I), 1325(b)(3)(A).

income, which excludes SSI, and include SSI in the calculation of the debtor's projected disposable income "simply because there is a disparity between the amount calculated using that definition and the debtor's actual available income as set forth on Schedule I"); 8-1325 Collier on Bankruptcy ¶ 1325.11[4][a] (16th ed. 2012) ("There is no suggestion in [*Lanning*] that a bankruptcy court may rely on the term 'projected' to otherwise deviate from the formula—for example, by including income that the formula excludes, such as Social Security benefits . . ."). To the contrary, *Lanning* made clear a debtor's disposable income is not only the starting point in calculating projected disposable income, but in most cases it is determinative. 130 S. Ct. at 2475. In short, Cranmer's exclusion of a portion of his SSI from the projected disposable income calculation, as allowed by the Code, does not render his Chapter 13 proceeding one of the unusual cases contemplated by *Lanning*. Thus, Cranmer's projected disposable income is calculated using his disposable income and, therefore, need not include his SSI.[3]

This conclusion is bolstered by language in the Social Security Act which shields payments made pursuant to the Act from "execution, levy, attachment, garnishment, or other legal process," or from "the operation of any bankruptcy or

---

[3]The Trustee makes several additional arguments with respect to the question whether SSI must be included in the calculation of projected disposable income and whether the exclusion of SSI from that calculation shows the debtor proposed his plan in good faith. In light of our holding, we need not address these additional arguments.

insolvency law."[4]  42 U.S.C. § 407(a); *see also Carpenter v. Ries (In re Carpenter)*, 614 F.3d 930, 936-37 (8th Cir. 2010) ("§ 407 operates as a complete bar to the forced inclusion of past and future social security proceeds in the bankruptcy estate."); *In re Welsh*, 440 B.R. 836, 843-44 (Bankr. D. Mont. 2010); *In re Radford*, 265 B.R. 827, 831 (Bankr. W.D. Mo. 2000); 4-522 Collier on Bankruptcy ¶ 522.09[10][a] n.76 (16th ed. 2012) ("Congress amended 42 U.S.C. § 407 to clarify that the inalienability of Social Security benefits was not repealed by the Bankruptcy Code, so that such benefits should not even become part of the bankruptcy estate.").

## C.    Good Faith

Chapter 13 requires a debtor to propose his repayment plan in good faith. 11 U.S.C. § 1325(a)(3).  The good faith determination is made on a case-by-case basis considering the totality of the circumstances.  *Flygare v. Boulden*, 709 F.2d 1344, 1347 (10th Cir. 1983).  In evaluating a debtor's good faith, courts should consider eleven non-exclusive factors as well as any other relevant circumstances. *Id.* at 1347-48.[5]

---

[4]The protections of 42 U.S.C. § 407(a) may only be limited, superceded, or otherwise modified by express reference to § 407.  42 U.S.C. § 407(b).  None of the relevant provisions of the Bankruptcy Code include any such reference.

[5]These factors include:

"(1) the amount of the proposed payments and the amount of the debtor's surplus; (2) the debtor's employment history, ability to earn

(continued...)

The Trustee argues the good faith inquiry and the calculation of projected disposable income are separate inquiries. Thus, the Trustee asserts even if Cranmer was justified in excluding a portion of his SSI from the projected disposable income calculation, the bankruptcy court did not err in concluding that in doing so, Cranmer did not propose his plan in good faith. The Trustee's arguments are unpersuasive. When a Chapter 13 debtor calculates his repayment plan payments exactly as the Bankruptcy Code and the Social Security Act allow

[5](...continued)
and likelihood of future increases in income; (3) the probable or expected duration of the plan; (4) the accuracy of the plan's statements of the debts, expenses and percentage repayment of unsecured debt and whether any inaccuracies are an attempt to mislead the court; (5) the extent of preferential treatment between classes of creditors; (6) the extent to which secured claims are modified; (7) the type of debt sought to be discharged and whether any such debt is non-dischargeable in Chapter 7; (8) the existence of special circumstances such as inordinate medical expenses; (9) the frequency with which the debtor has sought relief under the Bankruptcy Reform Act; (10) the motivation and sincerity of the debtor in seeking Chapter 13 relief; and (11) the burden which the plan's administration would place upon the trustee."

*Flygare v. Boulden*, 709 F.2d 1344, 1347-48 (10th Cir. 1983) (quoting *United States v. Estus (In re Estus)*, 695 F.2d 311, 316-17 (8th Cir. 1992). Since *Flygare* was decided, however, the Bankruptcy Code was amended to include 11 U.S.C. § 1325(b). *See Educ. Assistance Corp. v. Zellner*, 827 F.2d 1222, 1227 (8th Cir. 1987). Section 1325(b)'s "'ability to pay' criteria subsumes most of the *Estus* factors" and, therefore, the good faith inquiry now "has a more narrow focus." *Id.* A bankruptcy court must consider "factors such as whether the debtor has stated his debts and expenses accurately; whether he has made any fraudulent misrepresentation to mislead the bankruptcy court; or whether he has unfairly manipulated the Bankruptcy Code." *Id.*; *see also Robinson v. Tenantry (In re Robinson)*, 987 F.2d 665, 668 n.7 (10th Cir. 1993).

him to, and thereby excludes SSI, that exclusion cannot constitute a lack of good faith. *See Drummond v. Welsh (In re Welsh)*, 465 B.R. 843, 856 (B.A.P. 9th Cir. 2012) (holding the exclusion of SSI from the projected disposable income calculation, which § 407 and the Bankruptcy Code expressly allow for, "is not, by itself, probative of a lack of good faith"); *Fink v. Thompson (In re Thompson)*, 439 B.R. 140, 144 (B.A.P. 8th Cir. 2010) ("Standing alone, the Debtors' retention of Social Security income is insufficient to warrant a finding of bad faith under § 1325(a)(3)." (quotation omitted)). A contrary holding would render the Code's express exclusion of SSI from the calculation of the debtor's disposable income, and thereby, its exclusion of SSI from the calculation of the debtor's projected disposable income, meaningless. *In re Thompson*, 439 B.R. at 143; *see also Kawaauhau v. Geiger*, 523 U.S. 57, 62 (1998) ("[W]e are hesitant to adopt an interpretation of a congressional enactment which renders superfluous another portion of that same law." (quotation omitted)). It simply was not bad faith for Cranmer to adhere to the provisions of the Bankruptcy Code and, in doing so, obtain a benefit provided by it.

## IV. Conclusion

For the foregoing reasons, this court **affirms** the district court's order.

-11-