**In the Matter of Jon E. WHEELER, Michelle Wyatt–Wheeler, Debtors.**

**No. 09–13597.**

United States Bankruptcy Court, N.D. Indiana, Fort Wayne Division.

Dec. 18, 2013.

Jeffrey S. Arnold, Columbia City, IN, for Debtors.

Debra L. Miller, Standing Chapter 13 Trustee, South Bend, IN, Trustee.

### DECISION ON TRUSTEE'S MOTION TO DISMISS

ROBERT E. GRANT, Chief Judge.

This chapter 13 case was filed on August 6, 2009 and the debtors' proposed plan was confirmed on October 15, 2009. According to the terms of the plan, the debtors were to make payments for 36 months. That time period has run, which would ordinarily result in a request for the entry of a discharge. The trustee has, however, filed a motion to dismiss because the debtors did not disclose significant changes in their income during the life of the plan. The matter is before the court following trial of the issues raised by that motion.

■ A chapter 13 case may be converted or dismissed for cause. 11 U.S.C. § 1307(c). Among the non-exclusive list of enumerated causes is: "unreasonable delay by the debtor that is prejudicial to creditors." 11 U.S.C. § 1307(c)(1). The trustee bears the burden of proving that sufficient cause exists to warrant dismissal. *See, In re Love,* 957 F.2d 1350, 1355 (7th Cir.1992).

■ The proper functioning of the bankruptcy system depends upon the complete and accurate disclosure of information concerning the debtor's assets, liabilities, income, expenses and financial affairs. *See, Stamat v. Neary,* 635 F.3d 974, 983 (7th Cir.2011); *U.S. v. Ellis,* 50 F.3d 419, 423 (7th Cir.1995); *In re Bernard,* 99 B.R. 563, 570 (Bankr.S.D.N.Y.1989) ("complete disclosure is the touchstone of a bankruptcy case"). Although most of these disclosures are made at the time the petition is filed, chapter 13 debtors, in particular, have an ongoing obligation to provide the trustee with information concerning their income and expenses until the case is closed. *See,* 11 U.S.C. § 521(f)(4); *Robinson v. Tyson Foods, Inc.,* 595 F.3d 1269, 1274 (11th Cir.2010) (quoting *Burnes v. Pemco Aeroplex, Inc.,* 291 F.3d 1282, 1286 (11th Cir.2002)) ("the duty to disclose . . . does not end once the forms are submitted to the bankruptcy court. . . .") These debtors were aware of that obligation and, at the 341 meeting, had agreed to notify their attorney of any change in income or employment during the case. They did not and so that information was never conveyed to the trustee; the result is the present motion to dismiss.

■ Although it is not disclosed in the debtors' bankruptcy schedules or their statement of affairs, at the time of the petition for relief, Mrs. Wheeler was pursuing a social security disability award. At the § 341 meeting she testified she was trying to get disability, but was not receiving anything because her first claim had been denied.[1] The debtors did not tell the trustee that they continued to pursue that claim after the petition, or that they hired an attorney to help them do so, or that they succeeded. In September 2011, the Social Security Administration informed Mrs. Wheeler that it had failed to pay her benefits for October 2009 through April 2011 and her next check would be for $18,662 on account of amounts due through August 2011.[2] During the year 2011, the debtors received $38,749 in social security benefits, significantly increasing the income they had received in prior years. They did not share any of this information with the trustee. The trustee did not learn of it until August 2012, when she received copies of the debtors' 2011 tax return; a return which was not filed until after the trustee had filed a motion to dismiss complaining about its absence. The debtors do not deny that they failed to provide the trustee with this information. Instead, their response to the motion is more along the lines of "no harm, no foul." They argue that social security income is excluded when determining the needed payments to the trustee; so no one was harmed by the failure to advise the trustee of the additional income because, even had the trustee known, it would not have changed anything.

---

1. We do not have a transcript of the 341 meeting but according to the trustee's testimony at trial, her usual practice in response to this type of information is to tell debtors that if they receive an award they should tell the trustee.

2. The attorney the debtors hired also received $6,000 on account of the case.

The most common arena for disputes about the nature and consequences of a debtor's duty to disclose information to the trustee seems to be in connection with actions to deny or revoke a discharge as a result of the debtor's failure to list assets or include information in the schedules and statement of affairs. *See,* 11 U.S.C. § 727(a)(4)(A) (materially false oath). These decisions make it quite clear that a debtor is not entitled to pick and choose which information it will give the trustee and what it can withhold. *See e.g., In re Phillips,* 476 Fed.Appx. 813, 819 (11th Cir.2012) *U.S. v. Ellis,* 50 F.3d at 423–24; *In re Chalik,* 748 F.2d 616, 618 (11th Cir.1984); *In re Tripp,* 224 B.R. 95, 98 (Bankr.N.D.Iowa 1998). To the contrary, all material information must be disclosed. *Matter of Yonikus,* 974 F.2d 901, 904 (7th Cir.1992) ("Debtors have an absolute duty to report whatever interests they hold in property, even if they believe their assets are worthless or are unavailable to the bankruptcy estate."); *Chalik,* 748 F.2d at 618; *Tripp,* 224 B.R. at 98; *In re Martin,* 141 B.R. 986, 997–98 (Bankr. N.D.Ill.1992). A matter is material if it relates to the debtor's assets, liabilities or financial affairs, and that may include the debtor's income. *Stamat v. Neary,* 635 F.3d at 982. Furthermore, the issue is best viewed from the perspective of the trustee and creditors. Is it the kind of thing they would want to know? *See, Chalik,* 748 F.2d at 618 ("Creditors are entitled to judge for themselves...."). Once they have been given the information it is up to them to decide what to do with it; *see, Morris Plan Industrial Bank v. Finn,* 149 F.2d 591, 592 (2nd Cir.1945); but absent information there is nothing they can act upon or investigate. The chapter 13 debtor's obligation to disclose information is certainly not less than that of a chapter 7 debtor, and so many of those same principles apply with equal vigor here. *See, In re Flugence,* 738 F.3d 126, 128–30 (5th Cir.2013); *Robinson v. Tyson Foods, Inc.,* 595 F.3d at 1274; *Matter of Herrmann,* 2011 WL 576753, *6 (Bankr.D.S.C.2011).

Debtors should have disclosed the social security disability award and the receipt of social security benefits; it represented a material change in their income and circumstances. Their argument that it would have made no difference is a non-starter. The information itself was material. Moreover, the reported decisions are divided over whether and how social security income is considered in determining how much a chapter 13 debtor is required to pay creditors. Some say it is. *See, Mains v. Foley,* 2012 WL 612006, *5 (W.D.Mich. 2012); *In re Thomas,* 443 B.R. 213, 218 (Bankr.N.D.Ga.2010); *In re Westing,* 2010 WL 2774829, *2–3 (Bankr.D.Idaho 2010); *In re Upton,* 363 B.R. 528, 536–37 (Bankr. S.D.Ohio 2007). Others say it is not. *See, In re Cranmer,* 697 F.3d 1314, 1317 (10th Cir.2012); *In re Ragos,* 700 F.3d 220, 223 (5th Cir.2012); *In re Thompson,* 439 B.R. 140 (8th Cir. BAP 2010). *See also, In re Ward,* 359 B.R. 741, 745 (Bankr.W.D.Mo. 2007) (social security income not considered, but must still be disclosed). Neither this court nor the Seventh Circuit has decided the issue. By not disclosing that income, the debtors denied the trustee and creditors the opportunity to consider what, if anything, they might want to do as a result of that change in their circumstances. They might have done nothing; but it is also possible that they might have sought to modify the confirmed plan. Nonetheless, they were deprived of that material information and so had nothing to evaluate or to act upon.

The trustee's motion will be granted and this case will be dismissed. An order doing so will be entered.