**In re Raymond Alan KARBEL, Debtor.**

**GREEN TREE FINANCIAL SERVICING CORPORATION, Consumer Finance Division, Appellant,**

v.

**Raymond Alan KARBEL, Appellee.**

**BAP No. NM–97–066.
Bankruptcy No. 97–12856.**

United States Bankruptcy Appellate Panel of the Tenth Circuit.

April 7, 1998.

Submitted on the briefs: *

Daniel E. Duncan, Duncan Law Offices, P.C., Albuquerque, NM, for Appellant.

Gerald R. Velarde, Velarde & Sessions, P.C., Albuquerque, NM, for Appellee.

Before BOHANON, BOULDEN, and ROBINSON, Bankruptcy Judges.

## OPINION

ROBINSON, Bankruptcy Judge.

The Debtor filed a Chapter 13 plan and notice that included a motion to value Green Tree Financial's collateral, and a notice of deadline for filing objections to motions for valuation and for filing objections to confirmation ("Notice and Plan"). The Notice and Plan set the objection deadline for 25 days from the date the Notice and Plan was mailed. Some sixty days after the Notice and Plan was mailed, the United States Bankruptcy Court for the District of New Mexico entered an order confirming the Debtor's plan. On the same date that the court entered the confirmation order, Green Tree Financial ("Green Tree") filed its objection to confirmation and to the motion for valuation. Green Tree subsequently filed a motion to vacate a portion of the confirma-

---

* After examining the briefs and appellate record, the Court has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. Bankr.P. 8012; 10th Cir. BAP L.R. 8012–1(a). The case is therefore ordered submitted without oral argument.

tion order. It claimed that it received inadequate notice of the valuation motion, and was thus denied due process. Green Tree further argued that to the extent its objection was not timely filed, there was excusable neglect caused by inadequate notice. The Bankruptcy Court entered an Order on Motion to Vacate Portion of Order that denied Green Tree's motion to vacate, from which Green Tree appeals. Because we conclude that Green Tree received adequate notice of the Notice and Plan, we affirm the decision of the Bankruptcy Court.

**STANDARD OF REVIEW**

 Whether the Bankruptcy Court erred in denying the motion to vacate based on a mistake of law concerning a violation of due process is an issue we review de novo. *State Bank v. Gledhill (In re Gledhill)*, 76 F.3d 1070, 1083 (10th Cir.1996). A decision to grant or deny a Rule 60(b) motion is reviewed for abuse of discretion. *Id.* at 1080. Whether the confirmation order should have been vacated because the creditor acted with excusable neglect in filing an untimely objection, is reviewed for abuse of discretion.

**BACKGROUND**

The Debtor, Raymond Alan Karbel ("Debtor"), filed his voluntary Chapter 13 bankruptcy on May 15, 1997. He filed the Notice and Plan on May 23, 1997, which included a "motion to value the collateral of . . . Green Tree Financial." In the body of the Notice and Plan, "Green Tree Financial, 345 St. Peter St., Ste. 800, St. Paul, MN" was identified as a secured creditor with a secured interest in a Steinway 9' Piano, valued at $35,000.00. The Debtor's counsel served the Notice and Plan by mailing, on May 23, 1997, a copy to two Green Tree addresses:

(1) Green Tree Financial, Bankruptcy Dept., 345 St. Peter St., Suite 800, St. Paul, MN 55102; and

(2) Green Tree Financial Servicing Corp, 111 Lomas Blvd., NW, Suite 500, Albuquerque, NM 87102.

The Debtor had mailed his payments to the St. Peter St. address and had provided this address to his counsel. The Lomas Blvd. address was the address that Green Tree had designated and requested for service, in accordance with a local procedure that allowed creditors to designate the precise address at which they wanted service of notices. This local procedure, set out in Section 3.2.3 of the Clerk's Practice and Procedure Guide, states;

3.2.3 Standard Creditor Addresses

The court has created a standard address list for creditors who frequently appear on schedules and lists of creditors. Creditors can count upon receiving all notices at a single address, not having to rely on employees throughout their companies to forward bankruptcy matters to the correct location.

Clerk's Practice and Procedure Guide, United States Bankruptcy Court, District of New Mexico, Second Edition, October 1, 1996.

The heading and first two paragraphs of the Notice and Plan stated:

**A. NOTICE OF DEADLINE FOR FILING OBJECTIONS TO:**
**(1) CONFIRMATION OF CHAPTER 13 PLAN**
**(2) MOTION FOR VALUATION**
**(3) MOTION TO AVOID CERTAIN LIENS**
**(4) ASSUMPTION OR REJECTION OF EXECUTORY CONTRACTS**

Contained herein are the chapter 13 plan; **motion to value the collateral of the following creditors:** Green Tree Financial and Keyboard Acceptance; **motion to avoid the liens of the following creditors:** None; and request for approval of assumption or rejection of executory contracts, proposed by the above debtor.

If you object to confirmation of the plan, payment of attorney fees proposed in paragraph 2(a) of the plan, the motion for valuation, the motion to avoid certain liens or approval of the assumption or rejection of executory contracts, you must file the original and one copy of your written objection with the clerk of the Court, United States Bankruptcy Court, 421 Gold Avenue SW, 3rd Floor, P.O. Box 546, Albuquerque, NM 87103–0546, *within 25 days of the date of mailing of this notice* and you must

serve a copy of that objection on the attorney for the debtor, whose name and address appear below, and on the trustee, Steve H. Mazer, 122 Tenth Street NW, Albuquerque, NM 87102.

The second page of the Notice and Plan included the following language:

| Creditor | Claim | Type of Collateral (if any) | Its Value | Postconfirmation Interest Rate |
| --- | --- | --- | --- | --- |
| Green Tree Financial 345 St. Peter St., ste 800 St. Paul, MN | Secured | Steinway 9' Piano | $35,000.00 | 8% |

. . . .

*Unless a written objection is filed, the value of the collateral shall be determined to be the value set forth above. The debtor hereby MOVES the Court for an order so fixing the value of the collateral.*

Green Tree did not file an objection within 25 days of May 23. On July 11, 1997, it filed its Proof of Claim, which was signed on June 30, 1997. The Proof of Claim identified still another address for notices: "Green Tree Financial Corporation (CFD), 332 Minnesota Street, STE 620, St. Paul, MN 55101." On July 21, 1997, Green Tree's counsel filed an Entry of Appearance and Request for Notices. On July 22, 1997, Green Tree filed an Objection to Confirmation of Chapter 13 Plan and Motion to Value Collateral. Also on July 22, 1997, the Bankruptcy Court filed the confirmation order, which treated Green Tree's claim as secured in the amount of $35,000, the value of the Steinway piano. On July 30, 1997, Green Tree filed a Motion to Vacate Portion of Order.

In support of its motion to vacate, Green Tree submitted an affidavit of Mara J. Hill, Bankruptcy Specialist, Bankruptcy/Litigation Department, Consumer Finance Division. Hill stated that she did not receive the Notice and Plan until well after the twenty-five day period referred to in the Notice and Plan, and that shortly thereafter, she forwarded a portion of the plan to Green Tree's counsel. Hill also stated that she was unaware of the practice in the New Mexico District of including a motion to value in the Notice and Plan, and was unaware of the importance or necessity of a quick response.

At the hearing on the motion to vacate, Green Tree's counsel stated that:

In candor I want to advise the court that heretofore we had utilized the automatic debtor address system that the clerk's office has implemented, to send everything to the Lomas address here in Albuquerque, but that particular office only handles mobile homes and land home transactions. Whether they received it there or not I don't know. We have now taken steps, I have taken steps to ensure in the future anything like this will not happen again by making sure it's received at the Albuquerque office here, and immediately send it to the Consumer Finance Division.

The Bankruptcy Court denied the motion to vacate, finding that the language of the Notice and Plan was clear and sufficient to give Green Tree notice that the Debtor proposed to value its collateral. The Bankruptcy Court found that a representative of Green Tree had signed the proof of claim on June 30, 1997, but Green Tree did not object to the Notice and Plan until three weeks after June 30.

**DISCUSSION**

Green Tree alleges that the Bankruptcy Court proceedings violated its due process rights. Green Tree asserts that the loan in question was made by Green Tree's Consumer Finance Division and that at all material times its address was 332 Minnesota Street, St. Paul, Minnesota 55101, as reflected on the Financing Statement and Proof of Claim. Green Tree claims that the Albuquerque Regional Office on Lomas Blvd. was the proper address for mobile homes and land transactions, but not the proper address for loans on

consumer goods. Green Tree claims that items mailed to the St. Peter Street address would not reach the Consumer Finance Division at the Minnesota Street address. Green Tree further argues that the Notice and Plan was not only mailed to the wrong address, but also was not mailed to the attention of an officer or agent as required by Fed. R. Bankr.P. 7004(b)(3).

■ Service of process must satisfy both the statute under which service is effectuated and constitutional due process. *Ackermann v. Levine,* 788 F.2d 830, 838 (2nd Cir.1986). Pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure, relief in a contested matter shall be requested by motion, and the motion shall be served in the manner provided for service of a summons and complaint by Rule 7004. Rule 7004(b)(3) provides that service upon a domestic corporation is deemed proper "by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process."

By permitting service by first class mail without requiring an acknowledgment of receipt of service, Rule 7004 significantly abbreviates the procedures set forth in the Federal Rules of Civil Procedure. *Braden v. General Motors Acceptance Corp. (In re Braden),* 142 B.R. 317, 319 (Bankr.E.D.Ark. 1992). This simple and expeditious method for serving notice is required due to the particular notice problems associated with bankruptcy proceedings—comparatively short time limits and large numbers of persons to be noticed of various proceedings. *Id.* Because of this abbreviated notice procedure, it is important that correct notice is provided in accordance with the rules.

■ Debtor mailed the Notice and Plan to the address supplied by Green Tree to the Clerk of the Bankruptcy Court for use in the standard creditor address system implemented by the Bankruptcy Clerk's Office. Debtor argues that by specifying with the Clerk of the Bankruptcy Court that service should be made at the 111 Lomas office, Green Tree was appointing that office to receive service within the meaning of Fed. R. Bankr.P. 7004(b)(3). Green Tree, however, points to section 1.2 of the Clerk's Practice and Procedure Guide, which provides as follows:

1.2 Legal Effect of this Guide

This guide is not intended to be a source of additional technical requirements nor the basis for technical challenges to bankruptcy filings; it is a guide to practice in this bankruptcy court.

Consequently, **this guide may not be cited to the court as grounds for striking or otherwise objecting to the form or content of a pleading or other filing,** nor may it be cited as support for such filings. The legal sufficiency of any matter filed in the court is determined solely by reference to the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules of the United States Bankruptcy Court for the District of New Mexico.

Material contained in this guide represents the suggestions of the clerk and the clerk's advisory committee concerning preferred practices in the court. The guide is reviewed by the judges of the court and comports with their general view of appropriate practice.

Although the Guide is not legally binding, it can still be a mechanism by which a creditor can authorize by appointment an agent to receive service. Green Tree cannot submit a single address for receiving all notices and then subsequently argue that it is not the proper address in this particular case. In *In re Village Craftsman, Inc.,* 160 B.R. 740, 745 (Bankr.D.N.J.1993), the court held that a party "cannot submit an address to the court as that to which all notices should be sent and then argue that it was not properly served when notices are sent to that address." The court held that by designating an address as the one to which all notices should be sent, the party had held this address out to be the proper address for service under Rule 7004(b)(3). *Id.* (dealing with an address designated on a proof of claim). Likewise, Green Tree cannot now claim that notice sent to the address it submitted did not comply with Rule 7004(b)(3).

Furthermore, Green Tree received actual notice, at least by the date it signed its proof

of claim. Although Green Tree argues that it may have had notice of the bankruptcy by June 30, but not necessarily notice of the Notice and Plan, there is nothing in the record to suggest that anything other than the Notice and Plan prompted the filing of the proof of claim. In addition, Mara Hill's affidavit establishes that although she may not have received the Notice and Plan within twenty-five days, she did in fact receive it and was unaware of the importance or necessity of quickly responding to the document.

The notice also satisfies due process requirements. Due process requires notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950) (citations omitted). Rule 7004(b)(3)'s requirement that the mail be directed to the attention of "an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process" is intended to decrease the risk of careless or improper handling. Clearly the Guide's procedure for standard creditor addresses is designed to serve the same purpose.

Notice pursuant to this system was thus "reasonably calculated" to apprise Green Tree of the pendency of the action and afford them an opportunity to present their objections, even though the Notice and Plan was in actuality mishandled by Green Tree. In *In re Kleather*, 208 B.R. 406, 412 (Bankr. S.D.Ohio 1997), the court found that where the address in question was one for processing payments of the debtor to the movant, it was reasonable to conclude that the bankruptcy notice must have been mishandled, or it would have been transmitted to the movant earlier. The court then found that "when a creditor mishandles a notice from the bankruptcy court, the case law is clear that the creditor is unentitled to plead lack of notice in defense of its claim." *Id.* Furthermore, the court held that the burden was on the creditor to establish that the address provided by the debtor was so incorrect as to fall short of due process. *Id.* at 410.

Likewise, the court in *Teitelbaum v. Equitable Handbag Co. (In re Outlet Dep't Stores, Inc.)*, 49 B.R. 536, 540 (Bankr.S.D.N.Y.1985), found that where the notice was sent to the address provided by the defendant in its proof of claim, surely there was "notice reasonably calculated" to give defendant actual notice of the proceedings. Because the defendant supplied the address, it could not claim that service of process was either defective or violative of its rights.

The Bankruptcy Court found that Green Tree had received clear and sufficient notice that the Debtor proposed to value Green Tree's collateral. The evidence and record support the Bankruptcy Court's findings.

■ Green Tree also argues that the Bankruptcy Court abused its discretion when it denied the motion to vacate, claiming that the motion was based in part upon mistake, inadvertence, and/or excusable neglect pursuant to Fed.R.Civ.P. 60, as made applicable to bankruptcy cases by Fed. R. Bankr.P. 9024. In determining whether an abuse of discretion has occurred, we must be mindful that relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances. *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir.1996). Thus, the Bankruptcy Court's decision will only be reversed if we find a complete absence of a reasonable basis and are certain that the Bankruptcy Court's decision is wrong. *Gledhill*, 76 F.3d at 1080. An abuse of discretion would be found if the Bankruptcy Court based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence. *Orner v. Shalala*, 30 F.3d 1307, 1309 (10th Cir.1994).

In Green Tree's motion to vacate, it asserts that because the Notice and Plan was incorrectly addressed, the Bankruptcy/Litigation Department's receipt of the Notice and Plan was substantially delayed; the Bankruptcy/Litigation Department was not familiar with the Local Rules and Procedures of the District regarding inclusion of valuation motions in notices of deadlines and proposed plans; and that the delay was due to Green Tree's mistake, inadvertence, and excusable neglect under the circumstances. Green Tree also asserts that it has a merito-

rious defense to the motion to value its collateral.

In *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership,* 507 U.S. 380, 395, 113 S.Ct. 1489, 1498, 123 L.Ed.2d 74 (1993), the United States Supreme Court concluded that the determination of what neglect is "excusable" is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." It found that such relevant circumstances include "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.*

We find that the Bankruptcy Court did not abuse its discretion in denying the motion to vacate. The Bankruptcy Court found that Green Tree unreasonably delayed in objecting to the Notice and Plan, and that it would set a bad precedent to grant the motion because of concerns over the finality of the Chapter 13 confirmation order. Furthermore, because Green Tree submitted the address that the Notice and Plan was mailed to and then mishandled the notice when it was received at that address, the reason for the delay was within the reasonable control of Green Tree.

In *In re Alexander's Inc.,* 176 B.R. 715, 722 (Bankr.S.D.N.Y.1995), the court noted that if the court allowed the party's proof of claim to be filed after the debtors' plan was formulated, negotiated, and confirmed, it would disrupt the "economic model" on which all parties reached their agreements. Allowing the claim would result in an upheaval in the claims reconciliation process and require recomputation and recasting of everything, including issues related to the plan that had been confirmed. *Id.*

Green Tree was given due process in the valuation proceeding, and the Bankruptcy Court did not abuse its discretion in denying Green Tree's motion to vacate. The Bankruptcy Court's Order on Motion to Vacate Portion of Order is AFFIRMED.