**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 30 2004**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

EDMUND C. JONES,

     Plaintiff-Appellant,

v.

DAVID THEODOROFF, PAUL
MILLER and SHAWN WILLIAMS,
Correctional Officers, Bureau of
Prisons, U.S.P., Leavenworth; and
S. GRANT, Lieutenant, Bureau of
Prisons, U.S.P., Leavenworth,

     Defendants-Appellees.

No. 03-3176
(D.C. No. 01-CV-3314-JWL)
(D. Kan.)

---

**ORDER AND JUDGMENT** *

---

Before **SEYMOUR** , Circuit Judge, **BRORBY** , Senior Circuit Judge, and
**HENRY** , Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Pro se plaintiff Edmund C. Jones appeals from the district court's order denying his Fed. R. Civ. P. 60(b) motion. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court.

Mr. Jones, an inmate in the United States Penitentiary in Leavenworth, Kansas, brought a *Bivens* [1] action alleging that defendants Officers David Theodoroff, Paul Miller and Shawn Williams assaulted him and subjected him to excessive force in violation of the Eighth Amendment while escorting him to a disciplinary hearing and that Officer Theodoroff later retaliated against him by depriving him of recreational time and other benefits in violation of his constitutional rights. Mr. Jones further alleged that defendant Lieutenant S. Grant was aware of the alleged harassment by Officer Theodoroff, but refused to intervene. In their motion for summary judgment, defendants contended that Mr. Jones had failed to exhaust his administrative remedies with respect to the retaliation claim. Without providing any evidence of exhaustion, Mr. Jones replied in a conclusory fashion that he had exhausted all available remedies and that prison officials had prevented him from exhausting his administrative

---

[1]    *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*   ,
403 U.S. 388 (1971).

remedies.  The district court granted defendants' summary judgment motion and dismissed the action without prejudice because Mr. Jones had not administratively exhausted the retaliation claim.  The court determined that the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), requires total exhaustion of all available administrative remedies for all claims before the court will entertain a prisoner's *Bivens* action concerning prison conditions.  *See Ross v. County of Bernalillo*, 365 F.3d 1181, 1182, 1184, 1188-90 (10th Cir. 2004) (holding, after district court entered its decision in this case, that § 1997e(a) requires total exhaustion).

Subsequently, Mr. Jones filed a motion for reconsideration under Rule 60(b), asserting that prison officials had prevented him from exhausting the retaliation claim, because, as part of the ongoing pattern of harassment and retaliation, they failed to provide him with proper paperwork to complete the administrative process and because he was transferred to Pennsylvania where he had no access to his legal materials.  Finding that Mr. Jones failed to demonstrate entitlement to relief under Rule 60(b), the district court denied the motion.

On appeal, [2] Mr. Jones argues the district court erred in denying relief under Rule 60(b)(1), (3), or (6) [3] for these reasons: (1) prison officials precluded him from exhausting his retaliation claim because the Regional Office did not advise him he could appeal its decision and because he was removed from Leavenworth on a state writ to Pennsylvania, where he remained for one year without access to the documents related to his complaints, and thus he should be deemed to have exhausted all available administrative remedies; (2) exhaustion would be futile since the time to file an appeal has passed; (3) the district court failed to advise him that he could amend his complaint to eliminate the unexhausted claim; (4) the district court failed to recognize that the retaliation claim was residual to the excessive force claim; and (5) the district court failed to conduct a hearing before ruling on the Rule 60(b) motion.

"We review the district court's denial of a Rule 60(b) motion for abuse of discretion." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000). Rule 60(b) "relief is extraordinary and may only be granted in exceptional

---

[2] Mr. Jones recognizes in his notice of appeal that his appeal raises for review only the district court's denial of Rule 60(b) relief, not the underlying judgment. *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

[3] Although Mr. Jones failed to indicate before the district court which subsections of Rule 60(b) he relied on, the court, recognizing Mr. Jones' pro se status, considered subsections (1), (2), (3), and (4). Before this court, Mr. Jones eliminates (2). Thus, we limit our review to the other three subsections.

circumstances."  *Id.* (internal quotations omitted).  Thus, we will reverse the district court's determination "only if we find a complete absence of a reasonable basis and are certain that the . . . decision is wrong."  *Yapp v. Excel Corp.*, 186 F.3d 1222, 1232 (10th Cir. 1999) (internal quotation omitted).

Rule 60(b)(1) provides that a district court may grant relief from a judgment due to "mistake, inadvertence, surprise or excusable neglect."  "[T]he 'mistake' provision in Rule 60(b)(1) provides for the reconsideration of judgments only where:  (1) a party has made an excusable litigation mistake . . ., or (2) where the judge has made a substantive mistake of law or fact in the final judgment or order."  *Cashner v. Freedom Stores, Inc*., 98 F.3d 572, 576 (10th Cir. 1996).  Mr. Jones does not argue that he made a litigation mistake or that the district court made a substantive mistake of law or fact.  As the district court found, Mr. Jones had ample opportunity to set forth evidence to show that the prison officials interfered with his ability to exhaust administrative remedies, but he did not do so.  *See Van Skiver*, 952 F.2d at 1243 (recognizing inappropriateness of presenting new arguments and supporting facts available at time of briefing summary judgment motion for first time in Rule 60(b) motion).

Under Rule 60(b)(3), relief from judgment may be available based on fraud, misrepresentation or misconduct of the defendants.  Mr. Jones' assertion of interference by prison officials is insufficient to present clear and convincing

evidence of fraud, misrepresentation or misconduct by defendants. *See Anderson v. Dep't of Health & Human Servs.*, 907 F.2d 936, 952 (10th Cir. 1990) (requiring "clear and convincing proof" under Rule 60(b)(3)). Even if prison officials had interfered with his ability to administratively exhaust his remedies, again, Mr. Jones should have set forth this information in his response to defendants' motion for summary judgment.

Rule 60(b)(6) permits relief for "any other reason justifying relief." Mr. Jones "has failed to show that the district judge made a definite, clear, or unmistakable error in denying" relief under Rule 60(b)(6). *Yapp*, 186 F.3d at 1232. We agree with the district court that Mr. Jones did not allege any circumstances warranting relief, nor did he assert a change of circumstances since the district court entered its judgment.

The Supreme Court has rejected Mr. Jones' futility argument. *See Booth v. Churner*, 532 U.S. 731, 740-41 & n.6 (2001); *Jernigan v. Stuchell*, 304 F.3d 1030, 1032-33 (10th Cir. 2002) (citing *Booth*). Mr. Jones' beginning the grievance process but failing to complete it bars him "from pursuing a [ *Bivens* ] claim under PLRA for failure to exhaust his administrative remedies." *Jernigan*, 304 F.3d at 1032.

We will not consider Mr. Jones' argument that the district court should have advised him he could amend his complaint, because it was not presented to

the district court during the Rule 60(b) proceedings. *See Walker v. Mather (In re Walker)*, 959 F.2d 894, 896 (10th Cir. 1992). In any event, the district court correctly dismissed Mr. Jones' action without prejudice, and Mr. Jones can file another complaint asserting his exhausted claim, if he chooses to do so.

Finally, Mr. Jones argues that the district court should have afforded him a hearing because the retaliation claim was merely a residual effect of the excessive force claim and that the district court should have considered his pro se status. Under the circumstances presented here, we conclude the district court did not abuse its discretion in denying a hearing. *See Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1214 (10th Cir. 2003). The district court expressly stated it was liberally construing Mr. Jones' pro se pleadings, *see* R., vol. 2, doc. 60 at 6, and our review of the record convinces us the court did so.

Because we can discern no exceptional circumstances warranting Rule 60(b) relief in this case, we conclude the district court did not abuse its discretion in denying such relief.

The district court's order is AFFIRMED.  We GRANT Mr. Jones permission to file his reply brief out of time, but DENY his request for counsel. Also, we GRANT him leave to proceed on appeal without prepayment of costs and fees and note that the entire fee has now been paid in full.  The mandate shall issue forthwith.

Entered for the Court


Robert H. Henry
Circuit Judge