**FILED**
**U.S. Bankruptcy Appellate Panel**
**of the Tenth Circuit**

**January 30, 2019**

**Blaine F. Bates**
**Clerk**

NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE TENTH CIRCUIT

_____

IN RE LARRY WAYNE PARR,

Debtor.

_____

LARRY WAYNE PARR,

Appellant,

v.

SIMON E. RODRIGUEZ,

Appellee.

BAP No. CO-18-084

Bankr. No. 15-14201
Chapter 7

OPINION*

_____

Appeal from the United States Bankruptcy Court
for the District of Colorado

_____

Submitted on the briefs.[1]

_____

Before **NUGENT**, Chief Judge, **CORNISH**, and **JACOBVITZ**, Bankruptcy Judges.

_____

---

\*      This unpublished opinion may be cited for its persuasive value, but is not precedential, except under the doctrines of law of the case, claim preclusion, and issue preclusion.  10th Cir. BAP L.R. 8026-6.

[1]      After examining the briefs and appellate record, the Court has determined unanimously to honor the parties' request for a decision on the briefs without oral argument.  _See_ Fed. R. Bankr. P. 8019(b). The case is therefore submitted without oral argument.

**CORNISH**, Bankruptcy Judge.

Pro se Chapter 7 debtor Larry Parr (the "Debtor") appeals the bankruptcy court's order denying his motion to convert his case to Chapter 11. The bankruptcy court considered the motion as a motion for relief from judgment or order pursuant to Federal Rule of Civil Procedure 60(b), made applicable by Federal Rule of Bankruptcy Procedure 9024.[2] Upon finding the Debtor failed to present any evidence or legal arguments at an evidentiary hearing, the bankruptcy court concluded the Debtor had not met his burden of justifying relief pursuant to Civil Rule 60(b) and denied the Debtor's motion. We determine the bankruptcy court did not abuse its discretion and affirm.

## I.    Facts

The Debtor filed an individual petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code on April 21, 2015.[3] The Debtor operated a recreational vehicle storage site on his homestead in Englewood, Colorado called Arapahoe Storage, Inc. On the petition date, Dennis Parr, the Debtor's brother, held unliquidated claims against the Debtor relating to a dispute over their mother's probate estate. Dennis Parr obtained relief from the automatic stay to liquidate the probate claims in state court and ultimately won a judgment in excess of $2,000,000.

---

[2]    All references to "Rule" or "Rules" are to the Federal Rules of Bankruptcy Procedure, unless otherwise indicated. All references to "Civil Rule" or "Civil Rules" are to the Federal Rules of Civil Procedure, unless otherwise indicated.

[3]    All future references to "Code," "Section," and "§" are to the Bankruptcy Code, Title 11 of the United States Code, unless otherwise indicated.

The United States Trustee and Dennis Parr both filed motions to convert the Debtor's case to Chapter 7 in June 2015. The Debtor did not file an objection to either motion to convert but appeared at a hearing on the motions. The bankruptcy court entered its order converting the Debtor's case to Chapter 7 on July 21, 2015 (the "Conversion Order").[4] The one-page Conversion Order converted the case "for good cause shown."[5] Simon E. Rodriguez was appointed as Chapter 7 trustee on July 23, 2015 (the "Trustee"). Dennis Parr then filed an adversary complaint against the Debtor seeking to except his judgment from discharge. The bankruptcy court entered a judgment in favor of Dennis Parr on May 20, 2016, excepting his $2,080,871.20 judgment from the Debtor's discharge.

The Trustee determined the Debtor's homestead had significant nonexempt equity, and received court approval to sell the homestead to a neighboring storage business, Global Storage, LLC. The terms of the sale provided Global Storage, LLC would pay the estate $1,400,000. After the sale closed, the Trustee filed a report of sale on October 15, 2017. The Debtor, who did not include Schedule C in his original petition, then claimed his homestead exempt. The Trustee objected to the claim of exemption. Sustaining the Trustee's objection, the bankruptcy court denied the Debtor's homestead exemption because the property was titled in the name of a revocable living trust instead of the Debtor.

---

[4] *Order Granting Motion to Convert Chapter 11 Case to Chapter 7*, *in* Appellee's App. at 84.

[5] *Id.*, *in* Appellee's App. at 84.

The Debtor appealed the denial of his homestead exemption to this Court. The BAP reversed the bankruptcy court and remanded for a determination of the amount of the Debtor's exemption pursuant to Colorado statute.[6] The bankruptcy court determined the Debtor was entitled to a $90,000 homestead exemption, which the Trustee paid.

The Debtor then filed a *Verified Demand to Revert Movant's Chapter 7 to Chapter 11 Due to Order Doc#:126 Being Void of Law* (the "Motion") on April 13, 2018. In the Motion, the Debtor argued the bankruptcy court lacked authority to convert the case pursuant to § 1112(c); movant Dennis Parr lacked standing to request conversion to Chapter 7; and conversion to Chapter 7 deprived the Debtor of his sole means of income. The Debtor also argued the United States Trustee and Dennis Parr orchestrated a fraud on the bankruptcy court and the prospective application of the Conversion Order was no longer equitable. The Debtor sought relief pursuant to Civil Rule 60 and requested the case be "reinstated to its original CHAPTER 11 Status and allowed to proceed as originally intended."[7]

The Trustee, Global Storage, LLC, and Dennis Parr objected to the Motion. The bankruptcy court conducted an evidentiary hearing on the Motion on July 25, 2018. The Debtor, the Trustee, and counsel for Global Storage, LLC and Dennis Parr were present. The Debtor did not present any evidence and waived the opportunity to present legal arguments at the hearing. The Debtor explained, "the court documents that I've been

---

[6]     *In re Parr*, No. CO-17-021, 2018 WL 564572 (10th Cir. BAP Jan. 26, 2018).

[7]     Motion at 24, *in* Appellant's App. at 32.

filing for the last year . . . speak for me personally, and I have no further comment."[8] When called as a witness by the Trustee, the Debtor refused to testify. The Trustee testified, indicating he had sold the Debtor's homestead for $1,400,000, sent the Debtor a $90,000 check for his homestead exemption,[9] and approximately $1,075,000 remained in the estate. The Trustee testified all that remained before filing his final report and closing the case was the filing of professional fee applications and filing the estate's final tax return.

Although the Debtor captioned it as a "Demand to Revert Movant's Chapter 7 to Chapter 11 Due to Order Doc #126 Being Void of Law," the Motion contained arguments seeking relief under Civil Rule 60(b) and (d), leading the bankruptcy court to construe it as a motion for relief from judgment or order under Civil Rule 60.[10] The bankruptcy court entered the *Order Denying Verified Demand to Revert Movant's Chapter 7 to Chapter 11 Due to Order Doc #126 Being Void of Law* (the "Order Denying Motion to Convert") and *Judgment* on August 2, 2018. The bankruptcy court found the Debtor failed to serve any exhibits on the objecting parties and declined to prosecute his claims at the evidentiary hearing. Concluding Civil Rule 60(b) placed the burden to prove the grounds for relief from an order or judgment on the Debtor, the bankruptcy court found the Debtor failed to carry his burden. Specifically, the bankruptcy court found that

---

[8]     *Tr. July 25, 2018 Hearing* at 5, *in* Appellant's App. at 66.

[9]     The Trustee indicated the Debtor had yet to cash the check. *Tr. July 25, 2018 Hearing* at 7, *in* Appellant's App. at 68.

[10]     Made applicable to bankruptcy cases by Fed. R. Bankr. P. 9024.

although the Debtor's pleadings in the matter were "verified," they contained "classic hearsay" and provided the court with no admissible evidence.[11] Furthermore, the bankruptcy court concluded it had no duty "to scour the file to determine which facts or legal theories [the Debtor] relie[d] upon."[12] Accordingly, the bankruptcy court denied the Motion for failure to prosecute. The Debtor appealed that Order Denying Motion to Convert and the related Judgment to this Court on August 16, 2018.

## II.    Jurisdiction and Standard of Review

"With the consent of the parties, this Court has jurisdiction to hear timely-filed appeals from 'final judgments, orders, and decrees' of bankruptcy courts within the Tenth Circuit."[13] An order denying a motion brought pursuant to Civil Rule 60(b) is final for the purposes of appellate review.[14] No party elected for this appeal to be heard by the United

---

[11]     Order Denying Motion to Convert at 3, BAP ECF No. 1.

[12]     *Id.*

[13]     *Straight v. Wyo. Dep't of Trans. (In re Straight)*, 248 B.R. 403, 409 (10th Cir. BAP 2000) (first quoting 28 U.S.C. § 158(a)(1), and then citing 28 U.S.C. § 158(b)(1), (c)(1) and Fed. R. Bankr. P. 8002).

[14]     *Mason v. Young (In re Young)*, 237 B.R. 791, 795 (10th Cir. BAP 1999); *Apogee Robotics, Inc. v. Foss Realty, Inc. (In re Apogee Robotics, Inc.)*, No. 97-1106, 1998 WL 85384, at *3 (10th Cir. Feb. 27, 1998).

States District Court pursuant to 28 U.S.C. § 158(c). Accordingly, this Court has jurisdiction over this appeal.

An order denying a motion pursuant to Civil Rule 60(b) is reviewed for abuse of discretion.[15] An order denying a motion for failure to prosecute is also reviewed for abuse of discretion.[16] "Under the abuse of discretion standard: 'a trial court's decision will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances.'"[17] Abuse of discretion occurs when a trial court "makes an 'arbitrary, capricious or whimsical,' or 'manifestly unreasonable judgment.'"[18] "A clear example of an abuse of discretion exists where the trial court fails to consider the applicable legal standard or the facts upon which the exercise of its discretionary judgment is based."[19]

To the extent the bankruptcy court erred in determining the correct legal standard, that conclusion is reviewed *de novo*.[20] To the extent the bankruptcy court erred in making

---

[15]    *Jackson v. Los Lunas Cmty. Program*, 880 F.3d 1176, 1191 (10th Cir. 2018) (citing *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000)).

[16]    *Adams v. Wiley*, 298 F. App'x 767, 768 (10th Cir. 2008).

[17]    *In re Arenas*, 535 B.R. 845, 849 (10th Cir. BAP 2015) (quoting *Moothart v. Bell*, 21 F.2d 1499, 1504 (10th Cir. 1994)).

[18]    *Id.* (quoting *Moothart*, 21 F.2d at 1504-05).

[19]    *Jackson*, 880 F.3d at 1191 (quoting *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997)).

[20]    *DSC Nat'l Props., LLC v. Johnson (In re Johnson)*, 477 B.R. 156, 168 (10th Cir. BAP 2012) (concluding bankruptcy court's determination of legal standard is reviewed *de novo* (quoting *Sender v. Johnson (In re Hedged-Invs. Assocs., Inc.)*, 84 F.3d 1267, 1268 (10th Cir. 1996))).

factual findings on which the decision to deny relief is based, those findings are reviewed for clear error.[21]

## III. Analysis

The Debtor titled the Motion as a motion to convert the case to Chapter 11 but sought relief from the Conversion Order pursuant to Civil Rule 60(b). "In determining whether a bankruptcy court abused its discretion, the Court 'must be mindful that relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances.'"[22] A decision should only be reversed if the Court finds "a complete absence of a reasonable basis and [is] certain that the [bankruptcy court's] decision is wrong."[23] A Civil Rule 60(b) motion is an "inappropriate vehicle[] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion."[24] It is well established that "a 60(b) motion cannot be used as a substitute for appeal."[25] An appellate court reviews the appeal of a ruling on a Civil Rule 60(b) motion "only for abuse of

---

[21]     *Id.*

[22]     *Sender v. Shifrin (In re Shifrin)*, No. CO-17-012, 2017 WL 4161897, at \*3 (10th Cir. BAP Sept. 20, 2017) (quoting *In re Karbel*, 220 B.R. 108, 113 (10th Cir. BAP 1998)).

[23]     *Id.* (quoting *Karbel*, 220 B.R. at 113).

[24]     *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[25]     *Morris v. Adams-Millis Corp.*, 758 F.2d 1352, 1357 (10th Cir. 1985) (first citing *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983); and then citing *Brown v. McCormick*, 608 F.2d 410, 413 (10th Cir. 1979)).

discretion [as] an appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review."[26]

In his brief, the Debtor contests the conversion of his bankruptcy case from Chapter 11 to Chapter 7 in addition to arguing the bankruptcy court erred in its application of Civil Rule 60(b)(3)-(5). While we construe the pro se Debtor's arguments "liberally and [hold them] to a less stringent standard than formal pleadings drafted by lawyers,"[27] we must confine our review to the Order Denying Motion to Convert and will not consider whether the underlying Conversion Order was correctly decided.

### a. Civil Rule 60 Relief

*Relief pursuant to Civil Rule 60(b)(3)and 60(d)(3)*

In the Motion, the Debtor argued the Conversion Order resulted from fraud, misrepresentation, and "fraud on the court."[28] However, in the numerous arguments raised by the Debtor it is unclear whether he sought relief pursuant to Civil Rule 60(b)(3) (for fraud), Civil Rule 60(d)(3) (for fraud on the court), or both.

A motion pursuant to Civil Rule 60(b)(3) must be brought "no more than a year after the entry of the judgment or order."[29] Rule 9006(b) prevents the bankruptcy court

---

[26]     *Id.* (quoting *Browder v. Dir., Dep't of Corr. of Ill.*, 434 U.S. 257, 263 n.7 (1978)).

[27]     *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).

[28]     Motion at 19, 21, *in* Appellant's App. at 27, 29.

[29]     Fed. R. Civ. P. 60(c)(1).

from enlarging the one-year period to file a Civil Rule 60(b)(3) motion.[30] The bankruptcy court did not address the timeliness of the Motion but found the Debtor failed to present any evidence at the hearing. The transcript of the evidentiary hearing supports this finding, revealing the Debtor declined to present evidence or arguments. In addition, the Debtor's motion was not filed within one year of entry of the Conversion Order and the bankruptcy court lacked discretion to extend the time to file such a motion pursuant to Rule 9006(b).

Furthermore, to the extent the Debtor argues a fraud on the court requires relief pursuant to Civil Rule 60(d)(3), the Debtor failed to introduce any evidence of such fraud. Accordingly, the bankruptcy court's denial of relief under Civil Rule 60(b)(3) and (d)(3) for failure to prosecute was proper and not an abuse of discretion.

*Relief pursuant to Civil Rule 60(b)(4)*

The Debtor's argument that the Conversion Order is void pursuant to Civil Rule 60(b)(4) relies on three theories: (1) that the bankruptcy court lacked authority and jurisdiction to convert the case based on § 1112(c); (2) that Dennis Parr's debt was a postpetition debt, depriving him of standing to seek conversion of the case; and (3) the Conversion Order resulted in violation of Colorado homestead law.

The Debtor argues the bankruptcy court lacked jurisdiction to convert his case, rendering the Conversion Order void. It is well-established that bankruptcy courts have

---

[30]    Fed. R. Bankr. P. 9006(b)(2) ("The court may not enlarge the time for taking action under Rule[] . . . 9024."; *In re Onyeabor*, No. UT-14-047, 2015 WL 1726692, at *4 (10th Cir. BAP Apr. 15, 2015).

jurisdiction over all civil proceedings arising under the Bankruptcy Code.[31] The

Conversion Order granted relief pursuant to § 1112, which conferred jurisdiction in the

bankruptcy court.[32] Accordingly, this argument must fail.

The Debtor's argument that the bankruptcy court lacked authority to convert the

case pursuant to § 1112(c) misinterprets the statute. Section 1112(c) provides "[t]he court

may not convert a case . . . if the debtor is a farmer or a corporation that is not a

moneyed, business, or commercial corporation, unless the debtor requests such

conversion."[33] The Debtor asserts the bankruptcy court could not convert the bankruptcy

case without his consent absent proof the Debtor was "a moneyed corporation or [a]

moneyed business."[34] However, the Debtor does not argue he is a farmer or that he is not

a moneyed, business, or commercial corporation and if he did, neither argument would be

supported by the record. The Debtor's petition indicates he is an "Individual."[35] The

Bankruptcy Code defines "corporation" to include only artificial entities, not

---

[31]     28 U.S.C. § 1334(b) ("[T]he district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."); 28 U.S.C.§ 157 (referring cases under title 11 to bankruptcy courts).

[32]     *In re Lacy*, 304 B.R. 439, 444 (D. Colo. 2004) (concluding bankruptcy court had jurisdiction under 28 U.S.C. § 1334 and 28 U.S.C. § 157 and authority under 11 U.S.C. § 1112).

[33]     11 U.S.C. § 1112(c). The committee notes indicate subsection (c) applies to cases concerning a farmer or an eleemosynary institution.

[34]     Appellant's Br. 17.

[35]     *Voluntary Petition*, Case No. 15-14201, Bankruptcy ECF No. 2.

11

individuals.[36] Furthermore, in order to be classified as a farmer, eighty percent of a person's income must be derived from a farming operation.[37] As there is no evidence in the record to support finding the Debtor is a farmer or not a moneyed, business, or commercial corporation, § 1112(c) does not apply.

The Debtor argues his brother, Dennis Parr, lacked standing to seek conversion of the case because his claim against the Debtor arose postpetition. The Bankruptcy Code defines a claim as a "right to payment, whether or not such right is reduced to judgment, liquidated, [or] unliquidated."[38] The record indicates Dennis Parr's probate claims arose from a state court complaint heard prepetition on April 6, 2015.[39] After the petition date, the bankruptcy court entered an order granting Dennis Parr's motion for relief from stay to proceed with the state court complaint.[40] The state court then liquidated Dennis Parr's prepetition claim by entering a judgment postpetition.[41] Although the judgment was entered postpetition, the claim that was reduced to judgment arose prior to

---

[36] 11 U.S.C. § 101(9).

[37] 11 U.S.C. § 101(20).

[38] 11 U.S.C. § 101(5)(A).

[39] *Order Denying Defendant's Motion to Set Aside Default and Granting Plaintiff's Motion for Default Judgment* at 2, *in* Appellee's App. at 106.

[40] *Bankruptcy ECF No. 173*, *in* Appellee's App. at 29.

[41] Lacking any evidence to suggest Dennis Parr's claim arose postpetition the Trustee saw no cause to object to the claim. *Tr. July 25, 2018 Hearing* at 43, *in* Appellant's App. at 104 ("[T]here's no basis for . . . even asserting that Dennis Parr's claim arose post-petition.").

commencement of the bankruptcy case and therefore is a prepetition claim. Accordingly, the record supports the conclusion Dennis Parr had standing to request conversion.

Finally, the Debtor argues the Conversion Order is void "because it allowed and created a series of Colorado Law violations" namely resulting in the sale of the Debtor's homestead.[42] The Debtor asserts his right to a homestead exemption under Colorado law precluded levy and execution by creditors. However, the Colorado homestead exemption the Debtor references does not exempt the Debtor's entire homestead, it only exempts a statutory amount of equity in the homestead.[43] The bankruptcy court ordered the statutory amount be paid. The Debtor exhausted his appellate rights of the bankruptcy court's orders allowing the sale of the homestead and valuing the homestead exemption. Those orders are now final.[44] Furthermore, the Debtor admits the Arapahoe County Court entered a judgment against him in a forcible entry and detainer eviction proceeding in May 2017.[45] The *Rooker-Feldman* doctrine prevents the bankruptcy court from revisiting

---

[42]    Appellant's Br. 5.

[43]    Colo. Rev. Stat. § 38-41-201 (2007) (authorizing an elderly owner to exempt up to $90,000 in a homestead as of the Debtor's petition date)

[44]    The Debtor appealed the order allowing the sale and the order denying his homestead exemption to the BAP. The BAP dismissed the appeal of the order allowing sale for lack of standing, and the Tenth Circuit affirmed. *In re Parr*, 732 F. App'x 714 (10th Cir. 2018). The BAP reversed and remanded the order denying the Debtor's homestead exemption, ordering the bankruptcy court to determine the amount of the exemption. *In re Parr*, No. CO-17-021, 2018 WL 564572 (10th Cir. BAP Jan. 26, 2018).

[45]    *History of the Parr Family* at 10, *in* Appellant's App. at 137.

the state court's final determination.[46] As such, even if the Debtor had presented evidence and argument on the homestead issue, such arguments were not viable. Accordingly, the bankruptcy court did not abuse its discretion in determining the Debtor failed to prosecute the Motion based on his homestead argument.

*Relief pursuant to Civil Rule 60(b)(5)*

Finally, the Debtor seeks relief from the Conversion Order pursuant to Civil Rule 60(b)(5), arguing when the Conversion Order is applied prospectively, it is no longer equitable. The Debtor suggests that the ultimate sale of his homestead resulted in his loss of his home, business, and source of income. We interpret this argument as another attempt to seek relief from the bankruptcy court's orders on the homestead exemption and sale and the Colorado court's eviction. We will not consider this argument because the bankruptcy court's homestead and sale orders are now final and the *Rooker-Feldman* doctrine prevented the bankruptcy court from revisiting the state court's orders.

### b. Remaining Arguments[47]

---

[46]    *In re Miller*, 666 F.3d 1255, 1261 (10th Cir. 2012) ("The *Rooker–Feldman* doctrine precludes a losing party in state court who complains of injury caused by the state-court judgment from bringing a case seeking review and rejection of that judgment in federal court." (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291-92 (2005))).

[47]    We note the bankruptcy court denied the Motion for failure to prosecute without considering the legal arguments related to jurisdiction and the application of the Bankruptcy Code raised by the Debtor in his pleadings. The Debtor did not raise the issue of the bankruptcy court's failure to address adequately pleaded legal arguments in his brief and has waived that issue. *Therrien v. Target Corp.*, 617 F.3d 1242, 1252-53 (10th Cir. 2010) (holding failure to raise an argument sufficiently in the opening brief waives that argument). Furthermore, this Court's review suggests the legal arguments lacked

14

In addition to the arguments made pursuant to Civil Rule 60, the Debtor argues the bankruptcy court erred by failing to reconsider the Conversion Order *sua sponte* and in conducting an evidentiary hearing on the Motion. The Debtor argues Judge Rosania erred in failing to review the prior bankruptcy judge's orders upon reassignment of the case. Civil Rule 60 authorizes a court to make corrections to an order or judgment based on clerical mistakes "on motion or on its own."[48] Otherwise, Civil Rule 60(b) states relief from an order or judgment must be requested "[o]n motion and just terms."[49] Despite this, appellate courts routinely conclude a trial court may grant such relief *sua sponte* so long as the court provides notice satisfying due process requirements.[50] However, a court is not required to grant Civil Rule 60 relief. Whether to grant Civil Rule 60 relief is within the court's discretion. Further, the record on appeal does not show that anything was brought to the bankruptcy court's attention prior to the Debtor's filing of the Motion that would prompt the court to review the prior judge's Conversion Order under Civil Rule

---

merit, rendering any error harmless. *See* Fed. R. Bankr. P. 9005 (applying Fed. R. Civ. P. 61).

[48] Fed. R. Civ. P. 60(a).

[49] Fed. R. Civ. P. 60(b).

[50] *Fort Knox Music Inc. v. Baptiste*, 257 F.3d 108, 111 (2d Cir. 2001) (concluding on remand, district court had authority to vacate original judgment *sua sponte*); *Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 352 (9th Cir. 1999) (reversing *sua sponte* vacation of prior order where parties not provided with notice); Fed. R. Civ. P. 60(d)(3) (stating the court may set aside a judgment for fraud on the court); *see also Kupferman v. Consolidated Research & Mfg. Corp.*, 459 F.2d 1072, 1074, n.1 (2d Cir. 1972) (concluding court could *sua sponte* vacate a judgment upon a finding of fraud).

60. Accordingly, we see no error in the bankruptcy court's failure to revisit the prior judge's rulings upon reassignment of the case.

The Debtor also argues the bankruptcy court erred in holding an evidentiary hearing on the Motion. Civil Rule 60 does not require the bankruptcy court to conduct a hearing on a motion for relief from a judgment or order.[51] However, the bankruptcy court noted the Debtor sought relief from the Conversion Order based on theories that the order was no longer equitable and was based on "fraud on the court."[52] The Tenth Circuit has held that a "party seeking [equitable] relief bears the burden of establishing that changed circumstances warrant relief."[53] Similarly, "[p]roof of fraud upon the court must be by clear and convincing evidence."[54] As such, the bankruptcy court properly held a hearing "so [the Debtor] would have his 'day in court' to establish his factual allegations of fraud or other equitable grounds to obtain relief from the [Conversion Order]."[55]

---

[51]     *Scott v. Weaver*, 736 F. App'x 715, 719 (10th Cir. 2018) (concluding district court did not abuse its discretion in summarily denying Civil Rule 60(b) motion); *Jones v. Theodoroff*, 104 F. App'x 141, 145 (10th Cir. 2004) (concluding district court did not abuse its discretion in denying Civil Rule 60(b) motion without a hearing) (citing *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1214 (10th Cir. 2003)).

[52]     Motion at 18-19, *in* Appellant's App. at 26-27.

[53]     *Horne v. Flores*, 557 U.S. 433, 447 (2009) (citing *Rufo v. Inmates of Suffolk Cty. Jail*, 502 U.S. 367, 383 (1992)).

[54]     *United States v. Buck*, 281 F.3d 1336, 1342 (10th Cir. 2002) (citing *Weese v. Schukman*, 98 F.3d 542, 552 (10th Cir. 1996)).

[55]     Order Denying Motion to Convert at 2, *in* BAP ECF No. 1.

While in some cases a verified pleading may be treated as an affidavit, the affidavit must be made on personal knowledge, set forth facts that would be admissible as evidence, and indicate the affiant is willing to testify to the matters described in the affidavit.[56] A court "need not treat a verified complaint as an affidavit if 'the allegations contained in the pleading are merely conclusory.'"[57] As the Debtor refused to argue or testify at the evidentiary hearing, we see no error in the bankruptcy court's decision not to consider the verified pleading as evidence. Furthermore, as we take judicial notice of the number of appeals stemming from the Debtor's bankruptcy case, we believe the bankruptcy court prudently sought to establish a sufficient record in the event of an appeal.[58] Accordingly, the bankruptcy court did not abuse its discretion by conducting a hearing on the Motion.

## IV. Conclusion

The conversion of the bankruptcy case set in motion the liquidation of the Debtor's estate. The Debtor sought relief from the order converting his case based on fraud and equitable grounds. However, the Debtor failed to introduce any evidence or make any argument to support his allegations, leaving the bankruptcy court with no choice but to deny the Motion. Accordingly, as we hold the bankruptcy court did not

---

[56] Fed. R. Civ. P 56(c)(4), made applicable by Fed. R. Bankr. P. 7056.

[57] *Lantec, Inc. v. Novell, Inc.*, 306 F.3d 1003, 1019 (10th Cir. 2002) (quoting *Conaway v. Smith*, 853 F.2d 789, 793 (10th Cir. 1988)).

[58] BAP Case Nos. CO-15-022, 17-018, 17-019, 17-021, and 18-084. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979 (explaining a court may *sua sponte* take judicial notice of its own records and files which are part of its public records (citing 29 Am. Jur. 2d *Evidence*, § 85)).

abuse its discretion in denying the Motion, the bankruptcy court's decision is

AFFIRMED.