FILED
U.S. Bankruptcy Appellate Panel
of the Tenth Circuit

March 21, 2024
Anne Zoltani
Clerk

NOT FOR PUBLICATION[1]

# UNITED STATES BANKRUPTCY APPELLATE PANEL

# OF THE TENTH CIRCUIT

_____

IN RE BRIAN HOBBS,

    Debtor.

——————————————————

FIRST NATIONAL BANK & TRUST
CO. WEATHERFORD,

    Plaintiff - Appellant,

v.

BRIAN HOBBS,

    Defendant - Appellee.

BAP No. WO-23-017


Bankr. No. 22-10330
Adv. No. 22-01049
Chapter 7


OPINION

_____

Appeal from the United States Bankruptcy Court
for the Western District of Oklahoma
_____

Submitted on the briefs.[2]

_____

Before **ROMERO**, Chief Judge, **SOMERS**, and **PARKER**, Bankruptcy Judges.

_____

---

[1] This unpublished opinion may be cited for its persuasive value, but is not precedential, except under the doctrines of law of the case, claim preclusion, and issue preclusion. 10th Cir. BAP L.R. 8026-6.

[2] After examining the briefs and appellate record, the Court has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. _See_ Fed. R. Bankr. P. 8019(b). The case is therefore submitted without oral argument.

**SOMERS**, Bankruptcy Judge.

_____

Bankruptcy courts establish deadlines to ensure prompt administration of bankruptcy cases. Failure to meet those deadlines may result in dire consequences affecting a party's substantive rights. An appellant faced such consequences in the adversary proceeding it initiated after its previous attorney failed to meet the deadline to file a witness and exhibit list for trial—information imperative for meeting the appellant's burden of proof—because the attorney believed the parties were going to settle. Several weeks after the deadline to file the witness and exhibit list, and upon learning no settlement was going forward, the appellant filed a motion to extend deadlines including the deadline to file the witness and exhibit list. Acknowledging neglect was apparent, the Bankruptcy Court determined it was not excusable and denied the appellant's motion to extend the deadline. Finding no abuse of discretion, we affirm.

## I.    Background

Brian Matthew Hobbs ("Debtor") initially filed a chapter 11 subchapter V case on February 28, 2022.[3] On June 21, 2022, the Bankruptcy Court entered an order converting Debtor's case to one under chapter 7,[4] and shortly thereafter, on September 14, 2022, First National Bank and Trust Company Weatherford ("Appellant") filed an adversary proceeding.

---

[3] Bankr. ECF No. 1.
[4] Bankr. ECF No. 109. Debtor received a discharge on September 21, 2022. Bankr. ECF No. 141.

2

In its complaint, Appellant sought a determination that certain debt owed to it via a guaranty given by Debtor should be declared nondischargeable under 11 U.S.C. § 523(a)(2)(B).[5] Appellant also asked the Bankruptcy Court to declare the debt fully secured, or, in the alternative, rescind the parties' underlying transaction, and award attorney fees and costs.[6] Debtor initially appeared pro se in the adversary proceeding.

On January 19, 2023, the Bankruptcy Court entered a Scheduling Order setting certain deadlines. Discovery was to be completed by April 19, 2023, and the following paragraphs set out deadlines regarding witness and exhibit disclosures:

> 4. Deadline for all parties to file final lists of witnesses, including expert witnesses, together with addresses and a brief summary of expected testimony where witness has not been deposed: **\*April 28, 2023**
>
> 5. Deadline for all parties to file final exhibit lists and to exchange any exhibits not previously furnished to opposing counsel or pro se party, including but not limited to all expert witness reports: **\*April 28, 2023**
>
> \* The final lists of witnesses and exhibits shall be in the form of a pleading filed with the Clerk of this Court and properly served on all parties in interest, identifying the same as the party's final lists of witnesses and exhibits. *Except for reasons of manifest injustice, no witness who is not identified on the final list of witnesses shall be permitted to testify, and no exhibit that is not identified on the final list of exhibits and is not exchanged as set forth above shall be received into evidence.*[7]

In addition, the deadline to file dispositive motions was set for May 12, 2023, and a trial date was set for June 21, 2023. The Scheduling Order also stated: "Additional time for

---

[5] *Adversary Complaint* at 7, *in* Appellant's App. at 19-22.

[6] *Id.* at 10-11, *in* Appellant's App. at 22-23. The facts underlying Appellant's complaint are immaterial to the issue on appeal and need not be detailed herein.

[7] *Scheduling Order* at 2, *in* Appellant's App. at 75 (emphasis added).

the performance of an act required or allowed to be done in this Order shall not be granted except for good cause."[8]

Several months passed with the Bankruptcy Court hearing nothing from the parties. On April 24, 2023, Debtor emailed counsel for Appellant reminding counsel about the deadlines from the Scheduling Order.[9] On April 28, 2023, Debtor—still acting pro se—filed both a witness and exhibit list and a motion seeking summary judgment. About two and a half weeks later, on May 16, 2023, counsel for Debtor entered an appearance in the adversary proceeding, and on May 18, 2023, Appellant filed a *Motion to Extend Deadlines in the Case, Including the Deadline to Respond to the Pending Motion for Summary Judgment* (the "Motion to Extend").[10]

In the Motion to Extend, Appellant sought a ninety-day extension of all pretrial deadlines and a fourteen-day extension to respond to the pending motion for summary judgment. Appellant reported the parties had been in settlement negotiations "for several months."[11] Appellant reported that on April 19, 2023, the parties had agreed to certain

---

[8] *Id.* at 4, *in* Appellant's App. at 77.

[9] Debtor sent the following email communication to Appellant on April 24, 2023: "I'm not sure you are aware but neither [counsel for Appellant] or I requested a continuance from [the Bankruptcy Court] on the Adversarial Action proceedings while you and I were working on a settlement; therefore, the court ordered deadlines still apply. I had requested Discovery items from [counsel] and they were due no later than April 19. I have not received anything. If you and I can't complete this settlement very soon in order to protect my best interests, I need to alert [the Bankruptcy Court] that [Appellant and counsel] didn't meet the Discovery deadlines [sic throughout]." *Brian Hobbs' Motion for Summary Judgment Seeking an Order to Dismiss Plaintiff's Adversarial Complaint*, Exhibit C, *in* Appellee's App. at 18.

[10] Motion to Extend, *in* Appellant's App. at 78.

[11] *Id.* at 1, *in* Appellant's App. at 78.

loan modifications, and in exchange, they agreed to execute an Agreed Journal Entry of Judgment (the "Agreed Journal Entry") that would resolve the adversary proceeding. The first draft of the Agreed Journal Entry was exchanged on April 26, 2023. On both April 28 and May 4, 2023, the parties exchanged further emails about the terms of the Agreed Journal Entry and Appellant alleged that "on May 11, 2023 it appeared . . . [the] case was settled by all parties."[12] Counsel for Appellant requested the extension "in the interest of justice,"[13] but did not address Federal Rule of Bankruptcy Procedure 9006[14] or identify "cause" to extend the deadlines. The only reason given for missing the deadlines was Appellant's belief the case was settled.

Debtor, now represented by counsel as noted above, opposed the Motion to Extend. Debtor argued Appellant did not meet the Rule 9006(b)(1) excusable neglect standard for extending expired deadlines, arguing Appellant's focus on settlement rather than meeting deadlines was a litigation choice, not excusable neglect, and noting the proceeding had already been on file since September 2022, about eight months prior.

The Bankruptcy Court issued a ruling denying Debtor's motion for summary judgment, making that portion of Appellant's request to extend the deadline for its response moot, and set a hearing on the balance of the Motion to Extend for June 7, 2023. At the hearing, Appellant again asserted it missed the deadline to file its witness and

---

[12] *Id.* at 1-3, *in* Appellant's App. at 78-80. The Motion to Extend also stated that on May 12, 2023, counsel for Appellant believed the case was settled because all documents to be signed had been "agreed upon." *Id.* at 3, *in* Appellant's App. at 80.

[13] *Id.* at 4-5, *in* Appellant's App. at 81-82.

[14] All future references to Rule or Rules shall mean the Federal Rules of Bankruptcy Procedure.

exhibit lists because counsel believed the case was settled and sought a ninety-day extension to prepare for trial. Appellant's counsel also mentioned, for the first time, he would be stepping down from the trial of the proceeding due to health concerns. Following the hearing, the Bankruptcy Court entered an *Order Denying Plaintiff's Motion to Extend Deadlines in the Case* (the "Order Denying Extension") concluding Appellant failed to establish excusable neglect to extend the deadlines under Rule 9006(b)(1) and failed to cite any Federal Rules of Bankruptcy Procedure or authority allowing an extension. The Bankruptcy Court ordered the trial to go forward as planned.[15] At trial, the Bankruptcy Court barred Appellant from presenting evidence due to its failure to meet the witness and exhibit list deadline, entered its *Judgment* (the "Judgment") in favor of Debtor, and dismissed the adversary proceeding with prejudice.[16] This appealed followed.

## II.    Jurisdiction

The BAP has jurisdiction to hear timely filed appeals from "final judgments, orders, and decrees" of bankruptcy courts within the Tenth Circuit, unless a party elects to have the district court hear the appeal.[17] Appellant timely filed an appeal of the Judgment, which is a final order.[18] No party has elected to have the district court hear the appeal. Accordingly, this Court has jurisdiction to hear this appeal.

---

[15] Order Denying Extension at 2, *in* Appellant's App. at 88.

[16] *Judgment, in* Appellant's App. at 102-103.

[17] 28 U.S.C. § 158(a)(1), (b)(1), and (c)(1); Fed. R. Bankr. P. 8003, 8005.

[18] Appellant appeals the *Judgment* and contends the Bankruptcy Court abused its discretion by denying the Motion to Extend. The Order Denying Extension was an interlocutory order that merged into the final judgment. *See Koch v. City of Del City*, 660

### III.     Statement of Issues and Standard of Review

Appellant argues only one issue on appeal—whether the Bankruptcy Court abused its discretion by denying the Motion to Extend.[19] Under the abuse of discretion standard, this Court will not disturb a bankruptcy court's decision unless it "has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances."[20] An abuse of discretion occurs when "the [trial] court's decision is 'arbitrary, capricious or whimsical,' or results in a 'manifestly unreasonable judgment.'"[21] "A clear example of an abuse of discretion exists where the trial court fails to consider the applicable legal standard or the facts upon which the

---

F.3d 1228, 1237 (10th Cir. 2011) ("[O]nce a [trial] court enters a final order, its earlier interlocutory orders merge into the final judgment and are reviewable on appeal."). An order and judgment dismissing an adversary proceeding with prejudice is a final order. *See Adelman v. Fourth Nat'l Bank & Tr. Co. (In re Durability, Inc.)*, 893 F.2d 264, 266 (10th Cir. 1990) (treating an order adjudicating all claims in an adversary proceeding as a final order).

[19] Appellant's Opening Brief asserts three issues on appeal: "1. Whether the district court erred in denying Appellant's Motion to Extend[;] 2. Whether the district court erred in barring Appellant from presenting any evidence at trial[;] and 3. Whether the district court erred in entering Judgment in Debtor's favor." Appellant's Opening Br. 3. In briefing, however, Appellant's only issue argued is whether the Bankruptcy Court abused its discretion by denying the Motion to Extend, and therefore, any other arguments are waived. *Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012) ("Arguments not clearly made in a party's opening brief are deemed waived."). All parties agree the abuse of discretion standard applies. *In re Centric Corp.*, 901 F.2d 1514, 1517 (10th Cir. 1990) (reviewing a lower court's decision on a Rule 9006(b) motion for an abuse of discretion) (citing *In re Int'l Coating Applicators, Inc.*, 647 F.2d 121, 124 (10th Cir. 1981)).

[20] *In re Arenas*, 535 B.R. 845, 849 (10th Cir. BAP 2015) (quoting *Moothart v. Bell*, 21 F.3d 1499, 1504 (10th Cir. 1994)).

[21] *Moothart*, 21 F.3d at 1504–05 (quoting *United States v. Wright*, 826 F.2d 938, 943 (10th Cir. 1987)).

exercise of its discretionary judgment is based."[22]

### IV. Analysis

#### A. Legal Standard Governing the Motion to Extend

Federal Rule of Bankruptcy Procedure 9006(b)(1) governs when a bankruptcy court may enlarge the time to act under certain Rules. Specifically, a bankruptcy court may, in its discretion, enlarge the time to meet certain deadlines.[23] Rule 9006(b)(1) allows for a court to enlarge the period after the time to act has expired "where the failure to act was the result of excusable neglect."[24]

The Tenth Circuit analyzes excusable neglect by first determining whether there was neglect,[25] and then analyzing whether it was excusable under the factors set out by the Supreme Court in *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership*.[26] These factors include: "(1) the danger of prejudice to opposing parties; (2) length of delay in judicial proceedings and its impact; (3) the reason for the delay, including whether it was in the control of the late-filer; and (4) whether the late-

---

[22] *Jackson v. Los Lunas Cmty. Program*, 880 F.3d 1176, 1191 (10th Cir. 2018) (quoting *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997)).

[23] Fed. R. Bankr. P. 9006(b)(1) (Except in circumstances not present here, "when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.").

[24] *Id.*

[25] *See, e.g.*, *Jennings v. Rivers*, 394 F.3d 850, 856-57 (10th Cir. 2005) (observing excusable neglect applies to situations where "failure to comply with a . . . deadline is attributable to negligence") (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394 (1993)).

[26] *See, e.g.*, *In re Lang*, 414 F.3d 1191, 1200 (10th Cir. 2005) (citing *Pioneer*, 507 U.S. at 380).

filer acted in good faith."[27] Notably, the reason for delay remains an important factor in determining whether neglect is excusable;[28] however, the determination is ultimately an equitable one "taking account of all relevant circumstances surrounding the party's omission."[29] Nevertheless, excusable neglect is not an easy standard to meet.[30]

> B.    *The Bankruptcy Court's Analysis and Arguments of the Parties*

Here, the Bankruptcy Court engaged in the two-step inquiry to determine whether Appellant's failure to file a timely witness and exhibits list constituted excusable neglect. The Bankruptcy Court first determined neglect was apparent and then analyzed whether it was excusable under the four *Pioneer* factors.[31] Appellant challenges the Bankruptcy Court's application of those factors.

Regarding the first *Pioneer* factor, the Bankruptcy Court determined there was a danger of prejudice to Debtor given he had been in bankruptcy since the previous year. Regarding the second factor, the length of the delay and its potential impact on judicial

---

[27] *Pioneer*, 507 U.S. at 395.

[28] *City of Chanute, Kan. v. Williams Nat. Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994); *Jennings*, 394 F.3d at 856-57.

[29] *Pioneer*, 507 U.S. at 395. *See, e.g.*, *Lang v. Lang (In re Lang)*, 305 B.R. 905 (10th Cir. BAP 2004), *aff'd*, 414 F.3d 1191 (10th Cir. 2005) (finding the press of business did not constitute excusable neglect for failure to timely file a notice of appeal); *In re Scherer*, No. 12-81208-TLM, 2022 WL 802588, at *3 (Bankr. E.D. Okla. Mar. 16, 2022) (unpublished) (finding counsel's failure to adhere to filing deadline due to inadvertence insufficient to meet the excusable neglect standard).

[30] *City of Chanute, Kan.*, 31 F.3d at 1046 (observing that although an excusable neglect analysis remains an elastic concept, that "is not to say that the test for excusable neglect is not a strict one"). *See also In re Franco,* No. 03-13492 TR7, 2019 WL 1207862, at *4 (Bankr. D.N.M. Mar. 12, 2019) (unpublished) ("Despite the 'elastic' nature of excusable neglect, it is not an easy standard to meet.").

[31] There was no dispute between the parties as to whether there was neglect.

proceedings, the Bankruptcy Court also found that factor in Debtor's favor as the trial was set for two weeks from the hearing on the Motion to Extend and granting the extension would move the trial well into the fall. Regarding the third factor, the reason for delay and whether the delay was in the control of the movant, the Bankruptcy Court found this factor also weighed in favor of Debtor because Appellant was in control of filing its own witness and exhibits lists on time. The Bankruptcy Court also emphasized that Debtor, proceeding pro se through much of the pre-trial litigation, was able to complete the requirements set forth in the Scheduling Order. Finally, the Bankruptcy Court determined the fourth factor, whether the movant acted in good faith, was neutral, concluding it did not appear Appellant acted in bad faith in any way. Accordingly, the Bankruptcy Court determined Appellant's neglect was not excusable.

On appeal, Appellant, through new counsel, shifts its arguments somewhat. Appellant contends its failure to comply with the Scheduling Order deadlines was excusable neglect for two reasons: (i) Appellant's prior counsel was experiencing health concerns, and (ii) Appellant reasonably believed the case had settled. Appellant argues the *Pioneer* factors weigh in its favor. First, Appellant contends the deadline extensions will not prejudice Debtor because he will have adequate time to prepare for trial and, given his knowledge of the loan at issue, allowing Appellant's claims to proceed would not prejudice Debtor. Appellant also asserts any prejudice to Debtor is self-inflicted because he represented to Appellant he would accept Appellant's settlement offer.

10

Second, Appellant contends the length of delay would be "essentially non-existent"[32] as no additional discovery was needed, and Appellant has engaged successor counsel who is ready to try the case immediately. Third, Appellant argues the reason for delay weighs in Appellant's favor because the delay was due to things outside its control—both its prior counsel's health issues and belief the parties reached a settlement agreement. Fourth, Appellant submits there is no dispute over whether Appellant acted in good faith. Finally, after presenting its analysis under the *Pioneer* factors, Appellant contends public policy favors settlements and compromises, and thus, Appellant should not be penalized for negotiating a settlement in good faith.[33]

Debtor contends the Bankruptcy Court did not abuse its discretion in concluding Appellant did not demonstrate excusable neglect. Debtor notes he reminded Appellant of the Scheduling Order deadlines, so it is incorrect to assert prejudice is self-inflicted. Debtor also contends Appellant's argument that the length of delay would be minimal because it secured successor counsel to go forward with trial immediately is unpersuasive because that was not presented to the Bankruptcy Court at the time it analyzed the circumstances and entered the Order Denying Extension. Debtor does not dispute Appellant's good faith conduct, but asserts Appellant improperly relied on the good faith belief the parties were going to settle.

---

[32] Appellant's Opening Br. 9.
[33] Although this Court agrees with this general proposition, the Bankruptcy Court's denial of the Motion to Extend filed three weeks after the deadline is not a penalty for negotiating a settlement in good faith and Appellant provides no authority to convince this Court otherwise.

C.      *The Bankruptcy Court did not Abuse its Discretion in Denying the Motion to Extend*

The Bankruptcy Court did not abuse its discretion in denying the Motion to Extend. The only argument presented in the Motion to Extend was that Appellant failed to meet the Scheduling Order deadlines because it believed the matter was settled. Nevertheless, Appellant failed to present evidence of a reasonable belief of a settlement agreement to the Bankruptcy Court. The record shows while the parties were negotiating a settlement between at least April 19, 2023, and the time the Motion to Extend was filed on May 18, 2023, there was never a firm agreement in place, and, rather, the pro se Debtor himself informed Appellant of the need to meet the deadlines within the Scheduling Order. Appellant's failure to follow the Scheduling Order and the Rules governing the adversary proceeding while it negotiated a settlement was a litigation choice; one that ultimately proved costly.

Further, the Scheduling Order indicated that "[e]xcept for reasons of manifest injustice," failure to identify witnesses or exhibits by the April 28, 2023 deadline would result in exclusion from evidence.[34] In addition, the Scheduling Order warned the parties additional time would not be granted for deadlines set by the Scheduling Order "except for good cause."[35] Despite these warnings, Appellant did not show good cause or address this standard at all at the Bankruptcy Court.[36] Appellant did not miss the deadline to file

---

[34] *Scheduling Order* at 2, *in* Appellant's App. at 75.

[35] *Id.* at 4, *in* Appellant's App. at 77.

[36] This case is unlike the facts presented in *Pioneer*, wherein the Supreme Court noted that if a movant was "prevented from complying" with a deadline "by an act of God or some other circumstance beyond their control" then a court "plainly" could find

its witness and exhibit lists by a day, or a week; rather, the Motion to Extend was filed three weeks after the deadline had passed.

On appeal, Appellant focuses on its prior counsel's health concerns as the primary reason for the missed deadline; however, the record does not show the Bankruptcy Court was apprised of the health issues prior to the hearing. Instead, the health issues were mentioned only in passing at the hearing.[37] Appellant's counsel did not present his health concern as a reason for delay to the Bankruptcy Court in the Motion to Extend, nor did he analyze the *Pioneer* factors to show excusable neglect due to those health issues.

Additionally, Appellant's insistence the trial can proceed immediately has no bearing on whether the Bankruptcy Court abused its discretion in denying the Motion to Extend. Appellant asked the Bankruptcy Court for a ninety-day extension of all deadlines several weeks after the trial exhibit and witness list deadline and the Bankruptcy Court determined such time would greatly prejudice Debtor. Debtor had been in bankruptcy for well over a year and the trial date had been set since January 2023. Following the directive in *Pioneer*, the Bankruptcy Court considered the facts before it and applied the *Pioneer* factors to determine Appellant did not meet the demanding standard to show

---

excusable neglect. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394 (1993). In *Pioneer*, an unusual and inconspicuous notice was given of a bar date and combined with no evidence of prejudice to the debtor or to judicial administration and no indication of bad faith, the finding of excusable neglect was supported. *Id.* at 397-98. Here, the Bankruptcy Court gave explicit notice of the deadlines ultimately missed, and the consequences of missing those deadlines.

[37] Transcript of June 7, 2023 Hearing on Motion to Extend at 8:2-4, *in* Appellant's App. at 111. At the hearing, counsel simply stated his intent to hand off the case to someone else for trial because of health reasons with no further explanation. *Id.*

13

excusable neglect. No abuse of discretion occurred because the decision was not arbitrary, whimsical, or capricious, nor did it result in a manifestly unreasonable judgment.

For comparison, the Tenth Circuit concluded it *was* an abuse of discretion to find excusable neglect when the reason given for the delay "was simply that defense counsel confused the filing deadlines for civil and criminal appeals."[38] This Court has affirmed a bankruptcy court's conclusion that no excusable neglect was shown when a deadline was missed due to the press of other business.[39] But on the other end of the spectrum, this Court affirmed a bankruptcy court's finding of excusable neglect where counsel received the court's decision after half of the appeal time had run and the client was out of state, and it was "hard to imagine" any prejudice.[40] The Bankruptcy Court's decision in this case is well within the bounds of this case law sampling. As the Tenth Circuit noted:

> [T]he reviewing court is often called upon to review "judgment calls" . . . based on its own view of facts in that particular case. Each case is different, and must be so treated. There are very few right and wrong answers in this arena. Our task, however, is made more manageable by the fact that we only look to see if definite, clear or unmistakable error occurred below. Many times we may find something less than this including uncertainty as to the rightness of the district court's action, or perhaps outright disagreement with the court's action. However, only if we find a complete absence of a reasonable basis and are certain that the district court's decision is wrong do we reverse. Here we simply cannot say that a failure to provide relief constitutes an abuse of discretion.[41]

---

[38] *United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004).

[39] *Lang v. Lang (In re Lang)*, 305 B.R. 905, 910 (10th Cir. BAP 2004) (also concluding "dismissal of an appeal is not the type of prejudice that will support a finding of excusable neglect").

[40] *Berger v. Buck (In re Buck)*, 220 B.R. 999, 1004 (10th Cir. BAP 1998).

[41] *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1147 (10th Cir. 1990).

While we agree with the Bankruptcy Court's decision, a reasonable jurist could have made a different decision. Regardless, the decision made was well within the Bankruptcy Court's discretion.

Because the Bankruptcy Court did not abuse its discretion by denying the Motion to Extend, this Court also concludes the Bankruptcy Court did not err in barring Appellant from presenting any evidence at trial nor did it err in entering judgment in Debtor's favor.[42] Appellant initiated the adversary proceeding. Appellant had the burden of proof on its claim.[43] Appellant was responsible for meeting the deadlines set by the Scheduling Order. Appellant had the burden to show excusable neglect warranted extending those deadlines after they had passed. Simply put, Appellant failed to meet its litigation burdens. Thus, we are not left with a definite and firm conviction that the Bankruptcy Court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances and determine the Bankruptcy Court did not abuse its discretion.

## V.    Conclusion

The Bankruptcy Court analyzed the facts presented in denying the Motion to Extend. For the foregoing reasons, we AFFIRM the Bankruptcy Court.

---

[42] *See In re Arenas*, 535 B.R. 845, 849 (10th Cir. BAP 2015).

[43] *Bellco First Fed. Credit Union v. Kaspar (In re Kaspar)*, 125 F.3d 1358, 1359 (10th Cir. 1997) (creditor bringing claim under § 523(a)(2)(B) had burden to show all elements of claim).

15